674 P.2d 454
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Manuel James SENA,
Defendant-Appellant.**

**No. 14170.**

Court of Appeals of Idaho.

Dec. 30, 1983.

Gary D. DeMeyer, Middleton, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Leslie L. Goddard, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Judge Pro Tem.

After separate jury trials appellant was convicted of first degree burglary and of being a persistent violator under I.C. § 19–2514. He was sentenced to a ten-year determinate term in prison. He appeals both his conviction and his sentence. We affirm.

On May 11, 1980, shortly after 3:00 a.m., a silent alarm notified police that a possible burglary was in progress at a downtown Nampa bar. Appellant was in the vicinity of this bar when police arrived minutes after the alarm and was arrested.

At trial, testimony connecting appellant to the burglary included that of an officer who saw a man exiting the bar into an alley and, because of previous contacts with appellant, was able to positively identify the man as appellant. Another officer in the alley saw the alley door to the bar closing, and appellant running down the alley.

Appellant asserts numerous errors on appeal. The principal issues are: (a) failure of the prosecution to preserve evidence; (b) admission of evidence of appellant's prior felony convictions; (c) allegedly prejudicial comments by the prosecutor; and (d) alleged denial of appellant's confrontation rights. We will consider these errors in the order noted above.

A. Preservation of Evidence.

■ Appellant asserts that a motion to dismiss should have been granted. The basis for the motion was appellant's accusation that the prosecution had negligently destroyed evidence, thereby depriving appellant of a fair trial. The evidence consisted of blood samples taken from the scene of the burglary. Entry to the bar had been gained through a broken window, and traces of blood were found in the bar. One policeman observed that appellant had a small cut on his hand at the time of his arrest.

The motion to dismiss was submitted several months after the prosecutor, responding to appellant's request for discovery, notified appellant of the existence of the blood sample. The sample, taken from the doorknob of the exit, had been held by police until appellant's counsel requested that tests be run on it. When the tests were run, some months after the sample was taken, the lab technician was able to determine that the sample was blood, but was unable to determine the type. Testimony at trial indicated that the blood type could not be determined because the sample was too old or because the quantity of blood was too small for a typing test.

Although the appellant's motion to dismiss urged that evidence had been destroyed, the facts in this case are more akin to those cases where the prosecutor has failed *to gather* evidence rather than where the evidence has been destroyed after it was gathered. Here, the state preserved the evidence, but failed to conduct a test on the evidence that arguably could have indi-

cated the accused's noninvolvement. In *State v. Reyna,* 92 Idaho 669, 448 P.2d 762 (1968), the defendant argued that the state's failure to conduct a blood test, when the defendant was charged with driving while intoxicated, deprived him of due process. The state presented testimonial evidence of intoxication. The Supreme Court held that the state had no obligation to gather evidence for the accused by conducting tests not necessary to prove the prosecution's case. *See also State v. Wells,* 103 Idaho 137, 645 P.2d 371 (Ct.App.1982) (no fundamental error in state's failure to gather possibly exculpatory evidence). We see nothing in the nature of the evidence, its treatment by the prosecution or the conduct of the prosecution in the development of this case that deprived appellant of a fair trial.

### B. Prior Convictions.

■ Appellant argues that the trial court erred in allowing the prosecutor to inquire about two of appellant's previous convictions for felonies. Both convictions involved the crime of burglary, and both were committed within seven years of the present offense.

In Idaho, it has long been the rule that, where a defendant chooses to testify at his criminal trial, a prosecutor will be permitted to inquire as to the existence of previous felony convictions, for purposes of impeaching the defendant's credibility. *State v. Dunn,* 91 Idaho 870, 434 P.2d 88 (1967); *State v. Kleier,* 69 Idaho 491, 210 P.2d 388 (1949). The nature of those felonies was particularly relevant to the issue of credibility. In Idaho, the practice of using prior felony convictions for purposes of impeachment of credibility has never been treated as inherently unfair. *State v. Knee,* 101 Idaho 484, 616 P.2d 263 (1980).

Idaho Rules of Civil Procedure 43(b)(6), as amended in 1978, allows for inquiry into prior felony convictions and the nature of those convictions, when the trial court is able to make a finding, after a hearing outside the presence of the jury, that the prior convictions are relevant to the defend-

ant's credibility as a witness. In the present case, after a hearing outside the presence of the jury, the trial court correctly analyzed the admission of this evidence in terms of its relevance on the issue of credibility, its remoteness and possible prejudice to appellant; and the court ruled it admissible. Our Supreme Court has held that the crime of burglary involves dishonesty and disregard for the rights of others, thus indicating a possible blemish on the credibility of such a person. *State v. Ybarra,* 102 Idaho 573, 634 P.2d 435 (1981). Accordingly, we see no error in the trial judge's admission of this evidence.

### C. Prosecutor's Comments.

■ Appellant next argues that prejudicial error was committed when the prosecutor made certain remarks to the jury in his closing argument. The prosecutor, referring to a "Mrs. Scott," stated:

"I am sure Mrs. Scott can tell you how frustrated her husband gets when after someone is caught red-handed they are turned loose, and—"

At that point, appellant's counsel objected to the remark, and the objection was immediately sustained. In the appellant's motion for a new trial it appeared that the name of "Mrs. Scott" had reference to a member of the jury named "Mrs. Stout", the wife of a deputy sheriff.

The prosecutor is required to avoid inflammatory tactics which might deprive a defendant of a fair trial. *State v. Griffiths,* 101 Idaho 163, 610 P.2d 522 (1980). However, counsel for both sides are afforded considerable latitude in their arguments to the jury. *State v. Sistrunk,* 98 Idaho 629, 570 P.2d 866 (1977). It is difficult to see how the statement made by the prosecutor could have prejudiced the defendant and denied him a fair trial. The prosecutor was merely arguing that our system of justice should not be frustrated by allowing someone who was caught red-handed to go free. The reference to "Mrs. Scott" was merely incidental to the point the prosecutor was attempting to make. Viewing this comment in light of the whole record, we are

28

not persuaded that the comment constituted reversible error.

### D. Confrontation.

Appellant next argues that allowing the state to introduce fingerprint records of the Idaho State Penitentiary without producing the maker of those records for cross-examination violated his sixth amendment right to confront witnesses against him. Appellant concedes that the records were properly admissible under an exception to the hearsay rule, but argues their admissibility is not determinative of the confrontation question. We agree that the fact that the evidence is admissible does not determine whether appellant's confrontation rights have been violated, but do not agree that those rights were violated in this case.

The right to confrontation does not require the prosecution to produce any particular witnesses. An accused does not have the right, because of the sixth amendment, to insist that the state call any particular witness. This case is not unlike that of *State v. Drapeau,* 97 Idaho 685, 551 P.2d 972 (1976). In *Drapeau,* the Idaho Supreme Court considered a situation where the defendant assisted in the preparation of his own written statement, together with two cellmates. The written statement was later admitted into evidence at Drapeau's trial for purposes of impeaching his testimony. The defendant argued on appeal that the state's failure to call the cellmates who had assisted in the preparation of the statement violated his right of cross-examination. The Court, citing the rule that the right to confrontation does not require the prosecution to call any particular witness to the stand, ruled that no rights of the defendant were violated. The Court noted that if Drapeau had desired the presence of the cellmates it was incumbent upon him to make a timely request that witnesses be summoned.

We are faced with the same situation in this case. It is apparent from appellant's brief that he knew who made the fingerprint document and that this person was available to testify. It was thus incumbent upon appellant to request that this person be available for trial so as to exercise his own right to examine the witness. There was no error.

### E. Other Alleged Errors.

Numerous other errors are asserted by appellant. However, these alleged errors do not merit the detailed attention given to the previously enumerated issues. First, appellant alleges prejudice in the denial of a continuance requested on the first day of trial. The continuance was requested to obtain the presence of a witness living in California, who would presumably testify concerning appellant's prior knowledge of the bar's silent alarm system. The court refused the continuance, noting that several prior continuances had been granted, and that the witness' testimony would, at best, impeach another possible witness' testimony concerning appellant's knowledge of the silent alarm. The grant or denial of a continuance is a matter within the discretion of the trial court. *State v. Ward,* 98 Idaho 571, 569 P.2d 916 (1977); *State v. Laws,* 94 Idaho 200, 485 P.2d 144 (1971); *State v. Polson,* 92 Idaho 615, 448 P.2d 229 (1969), *cert. denied* 395 U.S. 977, 89 S.Ct. 2129, 23 L.Ed.2d 765 (1969). We find no abuse of discretion under the circumstances in this case.

Appellant alleges certain evidence, consisting of coins and fingerprint cards, was improperly admitted because of a lack of sufficient chain of custody. The standard of admissibility of evidence where "chain of custody" is in issue is whether the trial court can determine that, in all reasonable probability, the proffered exhibit has not been changed in any material respect. *State v. Campbell,* 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). Applying this standard to this evidence, we see no error in its admission.

Appellant argues that a judgment of acquittal should have been granted. There is no question that a jury verdict will be upheld, and denial of a judgment of acquittal from that jury verdict will stand, when

the verdict is supported by substantial, competent evidence. *State v. Huggins,* 103 Idaho 422, 648 P.2d 1135 (Ct.App.1982), *aff'd as modified,* 105 Idaho 43, 665 P.2d 1053 (1983). In this case, there is substantial evidence to sustain the verdict of the jury.

Appellant also argues that his motion for a new trial should have been granted. However that motion did not raise any substantial issues different from those discussed in this opinion. It need not be treated separately here, and we find no error.

Finally, appellant argues that the trial court abused its discretion in sentencing appellant to a determinate ten-year term in prison. Our standards to be used when considering a claim of excessiveness of sentence are stated in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). If a sentence is within the statutory maximum, it will not be disturbed on appeal unless appellant affirmatively shows a clear abuse of discretion. *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979); *State v. Toohill, supra.* The crime of first degree burglary is punishable by imprisonment for not more than fifteen years in the custody of the Board of Correction. The status of being a persistent violator allows an enhancement of the penalty imposed for the crime charged through a sentence of not less than five years, extending to a maximum of life. Appellant was found to be a persistent violator. His sentence of a determinate term of ten years in prison is well within the confines of the sentencing options available to the trial court. We hold there was no abuse of discretion on the part of the trial judge in sentencing appellant to a ten-year fixed term.

Having examined all issues presented by appellant, and having concluded that the trial court committed no reversible error, appellant's conviction and sentence are affirmed.

WALTERS, C.J., and BURNETT, J., concur.