693 P.2d 472

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Ralph LOPEZ, Defendant-Appellant.**

**No. 14651.**

Court of Appeals of Idaho.

Dec. 21, 1984.

Petition for Review Denied
March 14, 1985.

HUNTLEY, Acting Chief Judge.

Mr. Lopez was held to answer on a robbery charge and entered a not guilty plea. Trial was set for March 1, 1982. The prosecutor filed a second Information[1] seeking an extended term of imprisonment pursuant to I.C. § 19–2514 which provides for greater punishment for the underlying felony where the defendant is a "persistent violator". Trial was reset for March 11, 1982.

The trial court, after a hearing on a motion to continue trial, denied the motion. Trial was held on March 11 and 12, 1982. Following a jury verdict of guilty on the robbery charge, Mr. Lopez pled guilty to the charge of being a persistent violator.

Mr. Lopez moved for a new trial, which motion was denied and sentencing was conducted on June 2, 1982. Mr. Lopez was initially sentenced to a ten (10) year term of imprisonment on the robbery charge and a five (5) year term for being a persistent violator. On June 8, 1982, an Amended Judgment of Conviction was entered increasing the sentence on the robbery charge from ten (10) years to fifteen (15) years and deleting the separate persistent violator sentence.

Mr. Lopez first alleges that the trial court erred in denying his motion to continue the trial. He moved for a continuance because he hoped to procure the testimony of two alibi witnesses. Both witnesses were relatives or friends of Mr. Lopez, and he had approximately two months before trial to locate them. However, the record does not reflect what effort, if any, Mr. Lopez made to locate the witnesses. Moreover, Mr. Lopez made no showing that there was a reasonable probability that he could and would procure the attendance of these witnesses if granted a continuance. It is well-established that the granting of a motion for a continuance is vested in the sound discretion of the trial court. *State v.*

Ronald Merlin Hart, Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen. and Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

Before HUNTLEY, Acting C.J., and McFADDEN and OLIVER, Acting JJ., Special Panel.

---

1. I.C.R. 7(b) states, "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." An enhancement is not an offense. Therefore, the prosecutor should not have filed a separate Information but should have moved to amend the original Information to include the enhancement. However, since Mr. Lopez did not object to this procedure below nor raise it on appeal, the issue is not now before the court.

*Ward,* 98 Idaho 571, 569 P.2d 916 (1977). On this record we cannot conclude that the trial court abused its discretion in denying the motion for a continuance.

 Mr. Lopez next contends that the trial court abused its discretion in denying his motion for a new trial. He moved for a new trial because, after the trial, he located the two witnesses whom he expected to corroborate his alibi defense. However, we cannot conclude that the trial court erred in denying the motion for a new trial. The record reflects that Mr. Lopez did not exercise due diligence in attempting to procure the witnesses *before* trial; their testimony did not constitute "newly discovered evidence;" and the record does not establish a likelihood that the testimony would have changed the outcome of the trial.

 Finally, Mr. Lopez submits that the trial court erred in amending the judgment of conviction. He argues that the original sentence was lawful in part (the sentence on the robbery charge) and unlawful in part (the separate sentence for being a persistent violator). Since I.C. § 19–2514 does not create a new crime, but instead provides for the imposition of greater punishment for the underlying conviction,[2] the trial court should not have originally imposed a separate sentence for the persistent violator enhancement. While acknowledging that the trial court could delete the separate sentence wrongfully imposed on the persistent violator provision, Mr. Lopez claims that the trial court could not increase the lawful part of the sentence. The Idaho Supreme Court recently decided this issue in *Lopez v. State,* Slip Opinion No. 170; 693 P.2d 472 (1984). There, the Court held that where, as here, sentencing provisions are clearly interdependent, if sentence on one provision is unlawful, the entire sentence is unlawful and may be amended.

Judgment affirmed.

McFADDEN and OLIVER, Acting JJ., concur.

---

**2.** *State v. Greensweig,* 102 Idaho 794, 641 P.2d 340 (Ct.App.1982).