693 P.2d 1130

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jose Alphonso MARTINEZ, Defendant-Appellant.**

**No. 14833.**

Court of Appeals of Idaho.

Jan. 8, 1985.

Petition for Review by the Supreme Court and Motion for Consolidation of Cases April 9, 1985.

Dan Edwards, Eagle, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

A jury found Jose Martinez guilty of possession of stolen property, I.C. § 18–4612, and of being a persistent violator, I.C. § 19–2514. At the sentencing hearing, the trial judge sentenced Martinez to the custody of the Idaho State Board of Correction for a fixed ten-year term on the stolen property conviction and to a consecutive indeterminate twenty-year term for being a persistent violator. After the hearing was adjourned but before the trial judge left the courtroom, Martinez' attorney informed the judge the second sentence imposed might be illegal. The trial judge took the issue under advisement until the next day when, again with Martinez present, the judge imposed a fixed fourteen-year sentence in place of the ten-year and twenty-year sentences. Martinez then filed a timely motion under I.C.R. 35 to correct an

"illegal" sentence. When that motion was denied, Martinez appealed to this court, contending the sentencing judge erred by increasing the sentence on the stolen property conviction.[1] Martinez also urges that I.C. § 19–2513A, which makes imposition of a fixed sentence discretionary with the sentencing judge, is unconstitutional as applied to Martinez. We affirm.

The first issue raised by Martinez requires only a brief prefatory introduction and little discussion. Where a person is convicted of a felony and is also adjudged to be a persistent violator of the law there is only one conviction and only one sentence can be imposed. *State v. Greensweig*, 102 Idaho 794, 641 P.2d 340 (Ct.App. 1982). However, the sentence of a persistent violator can be greater than what the statutes otherwise would have permitted for the particular felony. In fact, the sentence may be imprisonment for life. I.C. § 19–2514. Because the separate sentence originally imposed for the persistent violator status was illegal, Martinez contends the sentencing judge was required to delete the illegal sentence, but could not thereafter increase the lawfully imposed sentence for possession of stolen property. This argument has been well made but our Supreme Court recently decided the issue contrary to Martinez' position. In *Lopez v. State*, 107 Idaho 826, 693 P.2d 472 (S.Ct. No. 15463, December 21, 1984), the Court held that the sentencing provisions for an underlying conviction and for persistent violator status are clearly interdependent. The sentence must be considered as a whole and if one "provision" of such a sentence is illegal, the entire sentence is unlawful and must be appropriately corrected. Accordingly, here the sentencing judge did not err by deleting the illegal provision and amending the lawful provision. *See also State v. Hoisington*, 105 Idaho 660, 671 P.2d 1362 (Ct.App.1983).

1. Martinez' conviction for possession of stolen property was affirmed in *State v. Martinez*, 102 Idaho 875, 643 P.2d 555 (Ct.App.1982). The underlying facts of the conviction are set forth in that decision.

In a related argument, Martinez suggests that a fixed sentence cannot be imposed for the status of persistent violator. He points to the language in section 19–2513A authorizing a fixed sentence "[a]s an alternative to an indeterminate sentence for any person convicted of a felony," and argues that persistent violator status is not "a felony." [2] We are not persuaded by Martinez' reasoning. The persistent violator statute, I.C. § 19–2514, simply authorizes the sentencing court—upon a third conviction—to sentence the defendant to a term greater than the defendant could have been sentenced on the underlying crime had he not been twice previously convicted. *In Re Bates,* 63 Idaho 748, 125 P.2d 1017 (1942). A state is justified in punishing a recidivist more severely than it punishes a first offender. *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Here Martinez' fixed term sentence was within the confines of the sentencing options available to the trial court, given Martinez' status as a persistent violator. *State v. Sena,* 106 Idaho 25, 674 P.2d 454 (Ct.App.1983).

Nor are we persuaded that this application of I.C. §§ 19–2513A and 19–2514 produces an unconstitutional sentence. Martinez argues that imposition of a fourteen-year fixed sentence upon conviction for possession of stolen property violates the constitutional prohibition against cruel and unusual punishment, results in unequal protection of the laws, and constitutes a denial of liberty without due process of law. These constitutional infirmities exist, Martinez argues, because I.C. § 19–2513A grants unrestrained discretion to the sentencing judge to impose a fixed sentence without explicitly considering aggravating or mitigating circumstances. The equal protection and due process arguments are, in essence, attacks upon individualized sentencing and such attacks have been rejected in Idaho. *See, e.g., State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979).

As to cruel and unusual punishment, Martinez cites *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) and *Profitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), two death penalty cases, in support of his contention. However, we find pronouncements in a third death penalty case, *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), to be instructive.

> When a form of punishment in the abstract [in this case, whether a fixed fourteen-year sentence may ever be imposed as a sanction for possession of stolen property] rather than in the particular [the propriety of a fixed fourteen-year sentence as a penalty to be applied to a specific defendant for a specific crime] is under consideration, the inquiry into "excessive" has two aspects. First, the punishment must not involve the unnecessary and wanton infliction of pain. [Citations omitted.] Second, the punishment must not be grossly out of proportion to the severity of the crime. [Citations omitted.]

> \* \* \* \* \* \*

> [I]n assessing a punishment selected by a democratically elected legislature against the constitutional measure, we presume its validity. We may not require the legislature to select the least severe penalty possible so long as the penalty selected is not cruelly inhumane or disproportionate to the crime involved. And a heavy burden rests on those who would attack the judgment of the representatives of the people.

428 U.S. at 173, 175, 96 S.Ct. at 2925, 2926. We cannot say, in the abstract, a fixed fourteen-year sentence imposed as a penalty for possession of stolen property involves the unnecessary and wanton infliction of pain or that it is grossly disproportionate to the severity of the crime. Nor can we say that Martinez' sentence was

---

**2.** I.C. § 19–2513A. *Alternative fixed term sentence.*—As an alternative to an indeterminate sentence for any person convicted of a felony, the court, in its discretion, may sentence the offender to the custody of the state board of correction for a fixed period of time of not less than two (2) years and not more than the maximum provided by law for said felony.

inappropriate under the particular facts of this case. The jury had found Martinez to be a persistent violator, on the conviction for possession of stolen property, following proof by the state that Martinez earlier had been convicted of a federal offense of knowingly transporting stolen goods in interstate commerce, and of an Idaho offense of unlawful possession of marijuana. In fact, Martinez' presentence report disclosed a total of six prior convictions that had resulted in penal incarcerations. As noted previously, recidivism justifies a more severe punishment. *Solem v. Helm, supra.* Upon the facts before us, we believe Martinez' sentence does not "involve the unnecessary and wanton infliction of pain" nor is it "grossly out of proportion to the severity of the crime" of possession of stolen property by a habitual criminal. Martinez has presented no evidence to indicate imposition of the fourteen-year fixed sentence was unconstitutional. Accordingly, Martinez has not met his "heavy burden" to overcome the presumed validity of I.C. § 19–2513A.

The fourteen-year fixed sentence is affirmed.