**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41499**

| | | |
|---|---|---|
| JAMES DEE OLSEN, | ) | 2014 Opinion No. 63 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 13, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

James Dee Olsen, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

James Dee Olsen appeals pro se from the judgment of the district court summarily dismissing his petition for post-conviction relief. On appeal, Olsen argues that the application of both Idaho Code §§ 18-8005(6) and 19-2514 violates the Double Jeopardy Clause of the Idaho Constitution and the United States Constitution. For the reasons that follow, we affirm.

**I.**

**FACTS AND PROCEDURE**

Olsen was convicted of felony driving under the influence in 2002 and 2007. In 2012, the State charged Olsen with, among other charges, felony driving under the influence. The State also alleged that Olsen was a persistent violator. Under a plea agreement, Olsen pled guilty to felony driving under the influence and acknowledged that he was a persistent violator, and the State dismissed the remaining charges. The district court sentenced Olsen to a unified term of fifteen years, with five years determinate. Subsequently, Olsen filed a pro se petition for post-conviction relief alleging that the application of both Idaho Code §§ 18-8005(6) and

1

19-2514 violated his double jeopardy rights. The district court provided a notice of intent to dismiss, Olsen responded, and the district court summarily dismissed Olsen's petition for post-conviction relief. Olsen appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district

2

court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

## III.

## ANALYSIS

Olsen argues that the district court erred by summarily dismissing his petition for post-conviction relief because application of both Idaho Code §§ 18-8005(6) and 19-2514 violates the Double Jeopardy Clause of the Idaho Constitution and the United States Constitution. We initially note that Olsen does not claim that the Double Jeopardy Clause of the Idaho Constitution provides any broader protection than that of the United States Constitution. Therefore, we will analyze this claim under the Double Jeopardy provisions of the United States Constitution. *See State v. Talavera*, 127 Idaho 700, 703, 905 P.2d 633, 636 (1995). Whether a defendant's prosecution complies with the constitutional protection against being placed in jeopardy twice is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000). The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Clause affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley,* 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001).

Olsen has phrased his issue on appeal as whether it is permissible under the Double Jeopardy Clause to apply two sentencing enhancements to a charge. As phrased, this issue has already been addressed by the Idaho Supreme Court in *State v. Kerrigan*, 143 Idaho 185, 141 P.3d 1054 (2006). In that case, Kerrigan argued that the district court erred by imposing a sentencing enhancement under Idaho Code § 19-2520 in conjunction with a sentencing

4

enhancement under Idaho Code § 18-915. The Idaho Supreme Court held that the district court had the authority to consider each sentencing enhancement separately and noted that the statutes did not contain language prohibiting both enhancements from being attached to a single substantive crime. *Kerrigan*, 143 Idaho at 188, 141 P.3d at 1057. Moreover, the Idaho Supreme Court determined that the enhancements were not duplicative and that the application of both sentencing enhancements served the legislature's intent to deter the conduct proscribed by each statute. *Id.*

We write further, however, to address some confusion on Olsen's part, because even though Idaho Code §§ 18-8005(6) and 19-2514 applied in this case, only one of them is a sentencing enhancement. This Court has previously described section 18-8005(6) as a "charging enhancement." *E.g., State v. Moore*, 148 Idaho 887, 890 n.2, 231 P.3d 532, 535 n.2 (Ct. App. 2010). This is because the statute defines "an element that elevates a charge from a misdemeanor offense to a felony offense." *Id.* A sentencing enhancement, on the other hand, "authorizes or requires increased penalties for a misdemeanor or a felony in certain circumstances but does not, in the case of a misdemeanor, elevate the crime to a felony." *Id.* The persistent violator enhancement in section 19-2514 does not create a new crime, but the section permits the court to impose a greater sentence for the conviction at issue (but not the prior convictions) and is thus a sentencing enhancement. *Lopez v. State*, 108 Idaho 394, 395, 700 P.2d 16, 17 (1985). Sentencing enhancements thus provide for a single, more severe penalty, rather than multiple penalties. *State v. Galaviz*, 104 Idaho 328, 330, 658 P.2d 999, 1001 (Ct. App. 1983).

Like the Idaho Supreme Court in *Kerrigan*, we also note that the two enhancements are not duplicative and that application of both enhancements serves the legislature's purpose with each enhancement. Section 18-8005(6) serves the purpose of removing repeat DUI offenders from the roadways and deterring other potential multiple DUI offenders. *State v. Leslie*, 146 Idaho 390, 392, 195 P.3d 749, 751 (Ct. App. 2008). Section 19-2514 seeks to deter felony recidivism by assigning a more severe punishment than a first-time felony offender would be subject to. *State v. Helms*, 143 Idaho 79, 81, 137 P.3d 466, 468 (Ct. App. 2006). Thus, application of each enhancement serves the legislative purpose of deterring the distinct conduct proscribed by each of them. Additionally, neither section contains language that would limit the application of both the charging enhancement and the sentencing enhancement.

5

In short, Olsen's crime (the 2012 charge of felony driving under the influence) was subject to one punishment (the punishment defined by section 18-8005(6)(a) as enhanced by section 19-2514). Therefore, Olsen was not subject to multiple punishments, and the Double Jeopardy Clause has not been violated. Accordingly, the district court did not err by summarily dismissing Olsen's petition for post-conviction relief, and the judgment is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**