**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43004**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 671** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 22, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RONNIE GENE BEALS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence and order denying motion for reconsideration, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Ronnie Gene Beals was found guilty of battery with the intent to commit lewd and lascivious conduct, I.C. §§ 18-903(b) and 18-911, with mandatory minimum and persistent violator sentencing enhancements, I.C. §§ 19-2520G(2) and 19-2514. The district court sentenced Beals to a unified term of life imprisonment, with a minimum period of confinement of twenty-five years. Beals appealed his judgment of conviction and sentence, and this Court affirmed in an unpublished opinion. *State v. Beals*, Docket No. 41330 (Ct. App. Nov. 6, 2014).

1

Beals filed an I.C.R 35 motion for correction of an illegal sentence, asserting that his sentence was illegal as the district court lacked subject matter jurisdiction because the sentencing enhancements were not submitted to the grand jury and that his conviction violates double jeopardy. The district court denied Beals' Rule 35 motion as well as his subsequent motion for reconsideration, finding that Beals' sentence was not illegal. Beals appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

"Mindful" of Idaho case to the contrary, Beals asserts that the district court did not have subject matter jurisdiction to sentence Beals in accordance with the sentencing enhancements because they were not submitted to the grand jury. *See State v. Schall*, 157 Idaho 488, 492, 337 P.3d 647, 651 (2014); *State v. Miller*, 151 Idaho 828 (2011); *Olsen v. State*, 156 Idaho 922, 926, 332 P.3d 834, 838 (Ct. App. 2014). The district court correctly ruled that the state can amend an indictment without resubmitting the matter to a grand jury so long as the amendment does not charge the defendant with an additional or different offense or prejudice the defendant's substantial rights. I.C.R. 7(e); *State v. Severson*, 147 Idaho 694, 709, 215 P.3d 414, 429 (2008). Sentencing enhancements are not considered to be a new offense for which there is a separate sentence; rather, the enhancement is an additional term and is part of a single sentence for the underlying crime and as such, there is not requirement for an independent finding of probable cause. *Schall*, 157 Idaho at 492, 337 P.3d at 651; *see also Olsen v. State*, 156 Idaho 922, 926, 332 P.3d 834, 838 (Ct. App. 2014) (persistent violator enhancement in I.C. § 19-2514 does not create a new crime, but permits the trial court to impose a greater sentence for the conviction at issue).

In addition, Beals asserts that his conviction for battery with intent to commit lewd conduct contravenes double jeopardy principals. At trial, Beals requested, and received, a jury instruction and verdict question addressing the lesser included offense of battery. Ultimately, the jury found Beals guilty of battery with the intent to commit lewd and lascivious conduct and never reached the question of whether he was guilty of the lesser included offense of battery. Because Beals was not convicted of both offenses, double jeopardy does not apply. *See State v. McKinney*, 153 Idaho 837, 841, 291 P.3d 1036, 1040 (2013).

The record supports the district court's finding that Beals' sentence was not illegal. Therefore, the district court properly denied Beals' motions and his sentence is well within the statutory maximum and is not otherwise contrary to applicable law. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Beals' Rule 35 motion and his motion for reconsideration are affirmed.