**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44669**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 316 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 9, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| ANTHONY REED DAILEY-SCHMIDT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael Reardon, District Judge.

Judgment of conviction and sentence for aggravated battery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Anthony Reed Dailey-Schmidt appeals from his judgment of conviction for aggravated battery, a deadly weapon enhancement, and a persistent violator enhancement.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Dailey-Schmidt guilty of aggravated battery, Idaho Code §§ 18-903(a), 18-907(a)(b), and use of a deadly weapon in the commission of a crime, I.C. § 19-2520. Thereafter, Dailey-Schmidt pled guilty to a persistent violator enhancement, I.C. § 19-2514. The district court's oral pronouncement of sentence "impose[d] an aggregate term of 35 years in custody with the Department of Correction, the first 20 years will be fixed, the final 15 years will be indeterminate." The district court issued a written judgment of conviction and order of commitment which provided as follows:

1

**COUNT I:** For a minimum fixed and determinate period of confinement of twenty (20) years; with the fixed minimum period followed by an indeterminate period of custody of up to fifteen (15) years, for a total term not to exceed thirty-five (35) years, <u>as enhanced by the Information Part II</u>, to run concurrently with Count II.

**COUNT II:** For a minimum fixed and determinate period of confinement of twenty (20) years; with the fixed minimum period followed by an indeterminate period of custody of up to fifteen (15) years, for a total term not to exceed thirty-five (35) years, <u>as enhanced by the Information Part II</u>, to run concurrently with Count I.

Dailey-Schmidt timely appeals, arguing that the district court abused its discretion by imposing a separate sentence for the enhancement and that his sentence is excessive.

## II.

## ANALYSIS

### A.    Sentencing Enhancement

Dailey-Schmidt argues that the district court erred by imposing a separate sentence for his conviction for the use of a deadly weapon during the commission of a crime. The State counters that Dailey-Schmidt has failed to support his argument with any relevant legal citation. The State also argues that Dailey-Schmidt must challenge the judgment in the district court prior to raising the claim of error on appeal. In addition, the State contends that the oral pronouncement of sentence controls, and the court orally imposed only a single sentence.[1] Consequently, the written judgment should be treated as a clerical error in the district court, not on appeal. Finally, where there are concurrent sentences for the underlying crime and the enhancement, the remedy is to modify the judgment to reflect one sentence, again, in the district court, not on appeal.

Sentencing enhancements are not considered to be a new offense for which there is a separate sentence; rather, the enhancement is an additional term and is part of a single sentence for the underlying crime and as such, there is no requirement for an independent finding of probable cause. *State v. Schall*, 157 Idaho 488, 492, 337 P.3d 647, 651 (2014); *see also Olsen v. State*, 156 Idaho 922, 926, 332 P.3d 834, 838 (Ct. App. 2014) (persistent violator enhancement in I.C. § 19-2514 does not create a new crime, but permits the trial court to impose a greater sentence for the conviction at issue). The State concedes that it is error to impose a sentence on an enhancement separate from the underlying felony.

---

[1]    However, the State acknowledges that the phrase "aggregate term" is ambiguous.

However, this issue is not properly raised in the first instance on appeal. Dailey-Schmidt argued that an abuse of discretion standard is applicable. On the other hand, the State correctly points out that Dailey-Schmidt's claim is actually an attack on the legality of his sentence, which must first be brought under Idaho Criminal Rule 35, or a clerical error which also must first be brought in the district court under I.C.R. 36. *See State v. Burnight*, 132 Idaho 654, 658-59, 978 P.2d 214, 218-19 (1999) (whether a court has legally applied a sentence enhancement is an attack on the legality of the sentence); *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct. App. 1989) (if the written order of commitment differs from the oral pronouncement, it is proper to correct the error pursuant to Rule 36); *State v. Blevins*, 108 Idaho 239, 244, 697 P.2d 1253, 1258 (Ct. App. 1985) (if concurrent sentences are ordered for the underlying crime and the enhancement, the remedy is for the district court to modify the judgment). Dailey-Schmidt concedes that if the abuse of discretion standard is inapplicable, the matter must be first addressed to the district court. Therefore, we affirm the judgment of the district court without prejudice to the claim being raised before the district court by appropriate motion.

## B. Sentencing for Aggravated Battery

Dailey-Schmidt argues the district court abused its discretion when it imposed an excessive sentence for the aggravated battery conviction without giving proper consideration or weight to the mitigating factors present in this case. Those factors include Dailey-Schmidt's familial support and his recognition of mistakes he has made throughout his life.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public

3

interest.  *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards and having reviewed the record in this case, we cannot say that the district court abused its discretion.  The district court emphasized its concern with Dailey-Schmidt's extensive criminal history and his continued affiliation as a gang member.  The district court also expressed concern that in the current case, Dailey-Schmidt executed "a malicious, premeditated, vicious, and nearly lethal attack on [the victim's] life."  The district court further observed that Dailey-Schmidt is "someone that society has a right to be afraid of" and that the sentence "addresses that fear."  The court's sentence clearly demonstrates its focus on the primary objectives of deterrence and protecting society and is not an abuse of discretion.  Accordingly, Dailey-Schmidt's sentence for the aggravated battery conviction is affirmed.

## III.

## CONCLUSION

Dailey-Schmidt failed to raise the legality of his sentence in the district court.  Dailey-Schmidt's judgment of conviction and sentence for aggravated battery is affirmed without prejudice to the claim being raised in the district court by appropriate motion.

Judge HUSKEY and Judge LORELLO **CONCUR**.