**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51823**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 9, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SHAWN VERNON WOOD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge. Hon. Richard D. Greenwood, District Judge.

Order denying Idaho Criminal Rule 35(a) motion, <u>affirmed</u> and <u>case remanded for entry of an amended judgment of conviction</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Shawn Vernon Wood appeals from the district court's order denying his Idaho Criminal Rule 35(a) motion to correct an illegal sentence. The district court imposed a unified sentence of ten years, with three years determinate, for the domestic battery charge, a five-year indeterminate sentence for the persistent violator enhancement, and ordered the sentences to run consecutively. Wood requests that this Court vacate the portion of Wood's sentence related to the persistent violator enhancement because the district court imposed an illegal separate sentence for the enhancement. We hold the district court did not err by denying Wood's motion and the proper correction as allowed by I.C.R. 35(a) is to modify Wood's underlying sentence for domestic battery with traumatic injury.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wood was in downtown Boise with his then girlfriend, G.H. A passerby saw G.H. with blood around her mouth. Initially, G.H. would not admit or deny that Wood was the one who caused the injury, but then G.H. gestured towards Wood to indicate that he had caused the injury. The passerby offered to escort G.H. to nearby police officers and, at that time, Wood became confrontational. The passerby restrained Wood at the scene until officers arrived. When officers arrived, G.H. eventually admitted that Wood had punched her in the face after the two of them got into an argument.

Wood was charged with felony domestic battery with traumatic injury, Idaho Code §§ 18-903, -918(2). The State filed a Part II to the information, alleging Wood is a persistent violator, I.C. § 19-2514. Wood pleaded guilty to the domestic battery charge and admitted to the persistent violator enhancement.

The district court imposed a unified sentence of ten years, with three years determinate, for the domestic battery charge and a five-year indeterminate sentence for the persistent violator enhancement and ordered the sentences to run consecutively. Wood filed an I.C.R. 35(a) motion for correction of his sentence arguing his sentence was illegal because he was improperly sentenced separately for the persistent violator enhancement. Wood also argued that the district court incorrectly believed it was obligated to run the persistent violator enhancement sentence consecutively to his domestic battery sentence and asked that it be ordered to run concurrently. Wood's I.C.R. 35(a) motion was denied, but the district court noted the error in treating the persistent violator enhancement as a separate charge and indicated it would amend the judgment to correct the illegal sentence. Wood objected to the correction and, as a result, no amended judgment was entered. Wood appeals.

# II.

## STANDARD OF REVIEW

Pursuant to I.C.R. 35(a), the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under I.C.R. 35(a) to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

# III.

## ANALYSIS

Wood argues that mindful of *Lopez v. State*, 108 Idaho 394, 700 P.2d 16 (1985) and *State v. Lopez*, 107 Idaho 826, 693 P.2d 472 (Ct. App. 1984), the district court abused its discretion in denying his I.C.R. 35(a) motion. Wood requests this Court vacate the sentence imposed for the persistent violator sentencing enhancement.

Idaho Code § 18-918(2), the statute under which Wood was charged, carries a maximum potential sentence of ten years. The persistent violator enhancement statute, I.C. § 19-2514, permits a trial court to increase the maximum underlying sentence from an additional five years up to life imprisonment. When Wood and the State entered into a plea agreement, the State informed Wood that based on the felony domestic battery charge and the persistent violator enhancement, it would ask for a unified sentence of fifteen years, with four years determinate. The district court imposed separate, concurrent sentences for the domestic battery charge and the persistent violator enhancement.

After Wood filed his I.C.R. 35(a) motion, the district court indicated that instead of vacating the sentence attributable to the sentencing enhancement, the district court would modify the sentence on the domestic battery charge to include the enhancement. The parties do not dispute that it was error for the district court to impose a separate sentence on the enhancement, as the persistent violator enhancement in I.C. § 19-2514 does not create a new crime but instead permits the court to impose a greater sentence for the conviction at issue and is thus a sentencing enhancement. *Olsen v. State*, 156 Idaho 922, 926, 332 P.3d 834, 838 (Ct. App. 2014).

In *Lopez v. State*, the Idaho Supreme Court held that where sentences are interrelated, as here, a separate sentence for being a persistent violator makes the entire sentence invalid ab initio and thus, the trial court was required to correct the sentence. *Lopez*, 108 Idaho at 396, 700 P.2d at 18. Therefore, the district court did not err in concluding that the correct remedy for Wood's I.C.R. 35(a) motion is to amend Wood's judgment of conviction and correct the underlying sentence.

Wood's argument that the district court must vacate his persistent violator sentence was rejected in *State v. Lopez*, where this Court held that when sentencing provisions are clearly interdependent, such as in this case, if the sentence on one provision is unlawful, the entire sentence is unlawful and may be amended. *Lopez*, 107 Idaho at 828, 693 P.2d at 474. The district court did

not abuse its discretion in denying Wood's I.C.R. 35(a) motion to correct an illegal sentence by amending the judgment to run the sentencing enhancement concurrently with the sentence for the domestic battery conviction. Moreover, Wood is not entitled to have the persistent violator enhancement dismissed. The district court should amend the judgment of conviction to correct the sentence.

## IV.
## CONCLUSION

The district court did not abuse its discretion in denying Wood's I.C.R. 35(a) motion to correct an illegal sentence. Therefore, the district court's order denying Wood's I.C.R. 35(a) motion is affirmed. We remand this case for the district court to enter an amended judgment of conviction.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

4