IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51925

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 25, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SHAWN MICHAEL PRUETT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for aggravated assault and consecutive unified sentence of eighteen years, with a minimum period of confinement of three years, for being a persistent violator of the law, vacated and case remanded.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise; and Nevin, Benjamin & McKay, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Chief Judge

Shawn Michael Pruett appeals from his judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for aggravated assault and consecutive unified sentence of eighteen years, with a minimum period of confinement of three years, for being a persistent violator of the law. For the below reasons, we vacate the judgment of conviction and remand this case for a new sentencing hearing.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers responded to a report from the victim who told officers that a man entered her office and told her he had a gun. The victim was able to speak to the man, later identified as Pruett,

1

to calm him down, after which the victim left the building. The State charged Pruett with kidnapping in the second degree and alleged that Pruett is a persistent violator of the law. Pursuant to a plea agreement, Pruett pled guilty to aggravated assault (Idaho Code §§ 18-901(b), -905(a)) and admitted to being a persistent violator of the law (I.C. § 19-2514). The district court sentenced Pruett to a unified term of five years, with a minimum period of confinement of three years, for aggravated assault and a consecutive unified term of eighteen years, with a minimum period of confinement of three years, for being a persistent violator of the law. Pruett appeals.

## II.

## STANDARD OF REVIEW

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Pruett contends the district court abused its discretion by structuring the persistent violator sentencing enhancement inconsistently with the statutory requirements. In separately and consecutively sentencing Pruett for the persistent violator enhancement, Pruett argues that the district court abused its discretion by failing to act consistently with the legal standards applicable to the specific choices available to it and requests this Court to correct his sentence by removing the separate sentence for the persistent violator sentencing enhancement. In the alternative, Pruett asks this Court to reduce his sentence because it is excessive or remand his case to the district court for a new sentencing hearing. The State responds that the district court's "intent was to impose a single sentence of five years with three years fixed for the underlying felony, enhanced by eighteen years with three years fixed for his persistent violator status, for a total sentence of 23 years with six years fixed." The State argues that Pruett is not entitled to have his persistent violator enhancement sentence vacated; however, the State concedes that the case should be remanded for a new sentencing hearing.

2

Idaho's persistent violator statute provides that a person convicted of a third felony shall be considered a persistent violator of the law and subject to a sentence for not less than five years and up to life in prison. I.C. § 19-2514. This statute does not establish a separate offense, nor does it authorize a separate sentence. *State v. Blevins*, 108 Idaho 239, 244, 697 P.2d 1253, 1258 (Ct. App. 1985). Rather, persistent violator status replaces the ordinary sentencing range for the underlying conviction. *State v. Helms*, 143 Idaho 79, 81, 137 P.3d 466, 468 (Ct. App. 2006). The term consecutive is inappropriate when referring to a sentence enhancement as it may inaccurately connote the existence of two separate sentences. *State v. Ewell*, 147 Idaho 31, 37, 205 P.3d 680, 686 (Ct. App. 2009). Rather, an enhancement is part of a single sentence; therefore, the base sentence and the enhancement should be construed as one continuous sentence. *State v. Camarillo*, 116 Idaho 413, 414, 775 P.2d 1255, 1256 (Ct. App. 1989).

Pruett pled guilty to aggravated assault and admitted to being a persistent violator of the law. Accordingly, Pruett was subject to a sentence of up to five years for aggravated assault, enhanced to a minimum sentence of five years and a maximum sentence of life in prison for being a persistent violator of the law. *See* I.C. §§ 18-906, 19-2514. The district court ultimately imposed a unified sentence of twenty-three years with six years determinate, which fell within the statutory bounds for the enhanced sentence. However, in imposing that unified sentence, the district court ordered the sentence for the persistent violator enhancement to run consecutively to the sentence for aggravated assault. Based on the district court imposing a separate consecutive sentence for the persistent violator enhancement, Pruett asks this Court to vacate the sentence for the persistent violator enhancement, leaving in place only his sentence for aggravated assault of a unified term of five years, with a minimum period of confinement of three years. Both the Idaho Supreme Court and this Court have rejected this remedy. Rather, the proper remedy is a remand for resentencing. The sentencing provisions for an underlying conviction and for persistent violator status are clearly interdependent. *State v. Martinez*, 107 Idaho 928, 929, 693 P.2d 1130, 1131 (Ct. App. 1985). The sentence must be considered as a whole and if one provision of such a sentence is illegal, the entire sentence is unlawful and must be appropriately corrected. *Id.* The Idaho Supreme Court has held that, where sentences are interrelated, as here, a separate sentence for being a persistent violator makes the entire sentence invalid *ab initio* and, thus, the trial court must correct the sentence. *Lopez v. State*, 108 Idaho 394, 396, 700 P.2d 16, 18 (1985). Pruett is therefore not entitled to have the persistent violator enhancement dismissed. However, the district court

abused its sentencing discretion by separately sentencing Pruett on the persistent violator enhancement and he is entitled to a remand.

Pruett additionally contends that his sentence is excessive. However, Pruett concedes that, if the case is remanded, this Court does not need to address whether his sentence is unreasonable at this time. Because we agree the case should be remanded for a new sentencing hearing, we will not address Pruett's claim of an excessive sentence.

## IV.

## CONCLUSION

Pruett has met his burden to show that the district court abused its discretion by sentencing him to a unified term for aggravated assault and a separate consecutive unified term for being a persistent violator of the law. Accordingly, the judgment of conviction is vacated, and we remand this case for a new sentencing hearing.

Judge GRATTON and Judge LORELLO, **CONCUR**.