516 P.2d 707

**STATE of Idaho, Respondent,**

v.

**John SALAZAR, Appellant.**

**No. 11113.**

Supreme Court of Idaho.

Dec. 11, 1973.

King, Wiebe & Morris, Boise, for appellant.

W. Anthony Park, Atty. Gen., Wm. F. Lee, Deputy Atty. Gen., Boise, for respondent.

SHEPARD, Justice.

The defendant-appellant John Salazar has twice been found to be a persistent violator and has twice been sentenced to life imprisonment. This is an appeal from Salazar's second sentence of life imprisonment.

The relevant facts are not disputed and as recited by appellant indicate: In October 1970 Salazar was charged and found guilty of the crime of assault with a deadly weapon with intent to commit murder. He was also charged with being a persistent violator of the law as provided in I.C. § 19–2514 on the basis of two prior convictions, one for aggravated assault entered in April, 1970, and the other, for assault with a deadly weapon entered in October 1970. Salazar was found to be a persistent violator of the law and was sentenced for a term of life imprisonment. That conviction was appealed and affirmed, State v. Salazar, 95 Idaho 305, 507 P.2d 1137 (1973).

While serving that life sentence Salazar escaped from custody, was captured, and was charged (part I) with the crime of escape, I.C. § 18–2505; and (part II) with being a persistent violator of the law based on the April 1970 aggravated assault con-

viction and the October 1970 assault with a deadly weapon conviction.

Salazar pleaded guilty to Part I of the information relating to the charge of escape, but moved to strike Part II of the information relating to his being a persistent violator of the law. That motion was denied. The persistent violator issue was submitted to a jury, and Salazar was found to be a persistent violator. Salazar was sentenced to a term of life imprisonment "said term to commence upon the expiration of the present term or terms now being served by the said defendant in the custody of the said Idaho Board of Correction." *See* Idaho's escape statute, I.C. § 18–2505, which requires the imposition of a sentence to run *consecutively* to any previously existing sentence. Salazar therefore is presently serving two consecutive life sentences at the Idaho State Penitentiary, both of which were imposed because he was found to be a persistent violator.

Salazar appeals from the imposition of the second life sentence and although no specific assignments of error are made by appellant, the thrust of his argument is that finding him to be a persistent violator for the second time and utilizing prior convictions which were used to establish him as a persistent violator on a previous charge constitutes double jeopardy.

■ Our persistent violator statute, I.C. § 19–2514, does not create a new or separate offense, rather it makes possible an enhancement of punishment for a particular crime when one has previously been convicted of two felonies. Thus, when a twice-convicted felon is convicted of a third felony he assumes a status which renders him susceptible to more severe punishment for the offense charged. State v. Dunn, 91 Idaho 870, 434 P.2d 88 (1967). The constitutionality of such a persistent violator statute in the face of a double jeopardy challenge has been consistently upheld. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); Moore v. Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895).

■ The only issue presented in this appeal is whether a second persistent violator prosecution relying on offenses utilized to sustain a first persistent violator charge is violative of the constitutional proscription against double jeopardy. It is the majority view that the second use of a prior conviction to establish a persistent violator charge does not constitute double jeopardy. State v. Losieau, 182 Neb. 367, 154 N.W.2d 762 (1967); State v. Gaskey, 255 Iowa 967, 124 N.W.2d 723 (1963); City of Cincinnati v. McKinney, 101 Ohio App. 511, 137 N.E.2d 589 (1955).

Appellant correctly points out that early Texas decisions reached a contrary result. Kinney v. State, 45 Tex.Cr.R. 500, 79 S.W. 570 (1904). More recent Texas cases such as Brown v. State, 150 Tex.Cr.R. 386, 196 S.W.2d 819 (1946) and Mayo v. State, 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1957) point out that *Kinney's* continuing validity rests only upon principles of statutory construction and that Texas now concurs with the majority view that such procedure does not constitute double jeopardy.

The judgment of the district court is affirmed.

DONALDSON, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.