912 P.2d 106

The **CITY OF SUN VALLEY**,
a municipal corporation,
Plaintiff–Respondent,

v.

**SUN VALLEY COMPANY**, an Idaho
corporation, Defendant–
Appellant.

**CITY OF KETCHUM**, a municipal
corporation, Plaintiff–
Respondent,

v.

**SINCLAIR OIL CORPORATION**, a Wyoming corporation, dba Sun Valley
Company, Defendant–Appellant.

No. 21587.

Supreme Court of Idaho.

Feb. 21, 1996.

220

Elam & Burke, P.A., Boise, for appellant. Peter C.K. Marshall argued.

Kneeland, Korb, Collier, Legg & Haukaas, Ketchum, for respondent City of Sun Valley. Bruce J. Collier argued.

Hawley, Troxell, Ennis & Hawley, Boise, for respondent City of Ketchum. Richard G. Smith argued.

McDEVITT, Chief Justice.

This case involves a challenge by the Sinclair Oil Corporation d/b/a Sun Valley Company (Sinclair) to the application of local option sales tax ordinances adopted by the Cities of Sun Valley and Ketchum (the Cities) to the sale of ski lift tickets sold within the Cities. We affirm the district court's grant of summary judgment in favor of the Cities.

## I.

### BACKGROUND AND FACTS

The essential facts in this case are not in dispute. A more complete statement of the facts in this case is set forth in this Court's prior decision in *City of Sun Valley v. Sun Valley Co.*, 123 Idaho 665, 851 P.2d 961 (1993).

The Cities adopted local option, non-profit sales tax ordinances pursuant to section 50–1046 of the Idaho Code and the Idaho Sales Tax Act (ISTA), at sections 63–3601 to –3638A of the Idaho Code. As resort cities under I.C. § 50–1046, the Cities have the authority to impose a sales tax upon sales that are subject to taxation under the ISTA. I.C. § 50–1046(c). The Ketchum ordinance imposes a sales tax upon each retail sale within the City of Ketchum at the rate of 1% of the sales price of all property subject to taxation under the ISTA. Ketchum City Sales Tax Ordinance No. 493, § 3(A). The Sun Valley ordinance imposes a sales tax upon each retail sale within Sun Valley's city limits at the rate of 2% of the sales price of all property subject to taxation under the ISTA. Sun Valley Municipal Sales Tax Ordinance § 3–1–3(A). Under the ordinances, as well as under I.C. § 63–3612 of the ISTA, a sale is defined as any transfer of title of tangible personal property for a consideration and includes "[r]eceipts from the use of or the privilege of using tangible personal property or other facilities for recreational purposes." I.C. § 63–3612(f); Ketchum City Sales Tax Ordinance No. 493, § 2(J)(6); Sun Valley Municipal Sales Tax Ordinance § 3–1–2. Pursuant to their respective ordinances, the Cities assessed a sales tax on the sale of ski lift tickets sold within the limits of each City.

Sinclair owns and operates the Sun Valley Resort and ski area, located in Blaine County, Idaho. The Sun Valley ski area consists primarily of two mountains, Dollar Mountain and Bald Mountain. Dollar Mountain is located on private land within the city limits of Sun Valley. Bald Mountain is located entirely outside of the city limits of the Cities. The Challenger Lift, which is situated at the base of Bald Mountain, is located within the city limits of Ketchum. Sinclair sells ski lift tickets at various locations, including some locations within the Cities. Sinclair disputes the Cities' authority to impose a sales tax on the sale of ski lift tickets that are used outside of the geographical boundaries of the Cities.

This case was previously before this Court in *City of Sun Valley v. Sun Valley Co.*, 123 Idaho 665, 851 P.2d 961 (1993). The City of Sun Valley, later joined by the City of Ketchum and the Idaho State Tax Commission, filed an action seeking a declaratory judgment against Sinclair and a determination of whether the sale of the ski lift tickets is taxable under the sales tax provisions of section 63–3612 of the Idaho Code. The trial court granted summary judgment in favor of

the Tax Commission and an interlocutory order in favor of the Cities. On appeal, the Supreme Court affirmed the decision of the district court. *Id.* at 671, 851 P.2d at 967. The Court held that the chair lift was a "facility" within the terms of I.C. § 63–3612(f), that the chair lift facilities were used for recreational purposes, and that the object of the transaction was the purchase of a ski lift ticket for the recreational purpose of going skiing. *Id.* at 670, 851 P.2d at 966. Since the purchasers of ski lift tickets used the chair lifts to facilitate the recreational purpose of skiing, the Court concluded that the ski lift ticket charges were taxable as receipts for the use or privilege of using facilities for recreational purposes under I.C. § 63–3612(f) and the Cities' corresponding ordinances. *Id.* at 671, 851 P.2d at 967.

After the decision by the Supreme Court, the district court proceeded to resolve the remaining issues. The district court granted summary judgment in favor of the Cities. The district court concluded that the receipts received by Sinclair from the sale of ski lift tickets within the geographical boundaries of the Cities, were subject to taxation as receipts for the use of or privilege of using facilities for recreational purposes under I.C. § 63–3612(f) and the Cities' respective sales tax ordinances. The district court reasoned that the application of the sales tax is determined by the situs of the sale, such that it is the retail sale that is taxed and not the article itself or its use. The district court further concluded that the municipal sales tax imposed by the Cities did not violate the prohibition against extra-territorial application of municipal laws and taxes contained in article XII, § 2 of the Idaho Constitution. The district court also held that the Cities' sales tax ordinances did not violate the equal protection clauses of the Idaho or United States Constitutions. Sinclair appealed to this Court.

## II.

## ISSUES ON APPEAL

On appeal, Sinclair raises the following issues:

A. Whether the district court erred in ruling that the Cities may, under their respective sales tax ordinances, impose a sales tax on receipts from the sale of ski lift tickets sold within the Cities for use outside of the outer limits of the Cities.

B. Whether the district court erred in ruling that the sales tax imposed by the Cities did not violate the Idaho Constitution's prohibition against cities taxing extra-territorial activities.

C. Whether the district court erred in ruling that the Cities' sales tax ordinances do not violate the equal protection clauses of the Idaho and the United States Constitution.

## III.

## DISCUSSION

### A. Standard of Review.

This Court reviews the district court's ruling on a motion for summary judgment by applying the same standard properly applied by the district court when originally ruling on the motion. *State v. Shama Resources Ltd. Partnership,* 127 Idaho 267, 270, 899 P.2d 977, 980 (1995). Summary judgment must be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment .as a matter of law." I.R.C.P. 56(c). The parties have conceded that there are no genuine issues of material fact. Thus, what remains are questions of law over which this Court exercises free review. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *Harris v. State, Dep't of Health & Welfare,* 123 Idaho 295, 297, 847 P.2d 1156, 1157 (1992).

### B. The Cities May Impose a Municipal Sales Tax On Sales of Ski Lift Tickets Within The Cities as Receipts For The Use Or The Privilege Of Using Recreational Facilities.

Sinclair argues that the district court erred in concluding that the receipts from

the sale of ski lift tickets within the respective Cities are taxable as receipts for the use or the privilege of using facilities for recreational purposes. According to Sinclair, the taxable event under the Cities' ordinances is the use of the ski lift tickets and not the sales transaction. Sinclair contends that because the taxable event, the use of the ski lifts, occurs outside of the geographical boundaries of the Cities, the Cities may not impose a sales tax on the sales.[1] We find Sinclair's argument unpersuasive.

Initially, it should be noted that in *City of Sun Valley*, we concluded that the ski lifts are "facilities" used for "recreational purposes" under I.C. § 63–3612(f) and that the lift ticket charges are taxable under that provision and under the Cities' sales tax ordinances. *City of Sun Valley*, 123 Idaho at 670–71, 851 P.2d at 966–67. We have held that a sales tax, is not a tax on property, but rather it is an excise tax or a levy on certain transactions designated by statute. *Boise Bowling Ctr. v. State*, 93 Idaho 367, 370, 461 P.2d 262, 265 (1969). The statutorily designated transaction at issue is set forth at I.C. § 63–3612(f). The Cities, in imposing a sales tax on specific transactions, adopted provisions that are for all relevant purposes identical to those set forth in I.C. § 63–3612.

The ordinances impose a sales tax on "[r]eceipts from the use of or the privilege of using tangible personal property or other facilities for recreational purposes." Ketchum City Sales Tax Ordinance No. 493, § 2(J)(6); Sun Valley Municipal Sales Tax Ordinance § 3–1–2; *see* I.C. § 63–3612(f). The unambiguous terms of the provisions declare that the event which triggers the imposition of a sales tax is either the *receipt* from the use of, or the *receipt* from the privilege of using, facilities for recreational purposes (the ski lifts). Unlike the other taxable transactions that focus on a specific activity to trigger the taxable event, the ordinances' provisions that impose a sales tax on the sale of ski lift tickets, specifically refer to

*receipts* received by the vendor of the ski lift tickets. It is only at the point of sale that receipts from the use of or the privilege of using the ski lift are obtained, and it is only at the point of sale that the purchaser obtains the privilege of using the ski lifts. Thus, contrary to the argument asserted by Sinclair, the provisions at issue do not impose a tax on the activity of using the ski lifts and engaging in the sport of downhill skiing, rather, it is the sales transaction that is the taxable event.

We conclude that it is the sales transaction from which the receipt is received and not the activity of using the ski lifts that is the event subject to taxation under I.C. § 63–3612(f) and the corresponding provisions of the Cities' ordinances. Thus, to the extent the receipts are collected from sales of ski lift tickets within the Cities' geographical boundaries, the receipts are subject to taxation, not only under the Idaho Sales Tax Act, but also under the Cities' sales tax ordinances.

## C. Article XII, Section 2 of the Idaho Constitution

■ The district court concluded that the municipal sales tax imposed by the Cities did not violate the prohibition on the extra-territorial application of municipal laws and taxes contained in article XII, section 2 of the Idaho Constitution.[2] Sinclair argues that this ruling was in error and that the imposition of the tax by the Cities violates the constitutional prohibition against cities taxing extra-territorial activities or values.

Without reaching the merits of Sinclair's argument, we conclude that based upon our above holding, there is no extra-territorial application of the Cities' respective ordinances. The taxable event in this case takes place within the jurisdiction and geographical boundaries of the Cities. The district court's conclusion that the Cities' sales tax ordinances did not violate article XII, section 2 of the Idaho Constitution is affirmed.

---

1. Sinclair points out that approximately 100 feet of the Challenger Lift is located within the city limits of Ketchum. However, Sinclair argues that this amount is *de minimis* in that it is only .21% of the total length of all ski lifts on Bald Mountain.

2. Article XII, section 2 of the Idaho Constitution provides, "[a]ny county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws."

## D. Equal Protection Clause

 Sinclair raises as an issue on appeal that the Cities' sales tax ordinances violate the Equal Protection Clauses of the Idaho and United States Constitutions. While Sinclair raises this issue on appeal, no argument or authority was provided by Sinclair in support of this issue. We will not address issues on appeal which are completely without support, argument, or authority. *Smith v. J.B. Parson Co.*, 127 Idaho 937, 944, 908 P.2d 1244, 1251–52 (1996); *Langley v. State*, 126 Idaho 781, 784, 890 P.2d 732, 735 (1995).

## IV.

## CONCLUSION

We conclude that the taxable event triggering the imposition of sales tax under I.C. § 63–3612(f) and the Cities' sales tax ordinances is the sale of ski lift tickets. Thus, the receipts received by Sinclair from the sale of the ski lift tickets sold within the limits of the Cities are taxable under I.C. § 63–3612(f) and the respective Cities' sales tax ordinances. We further conclude that because of this holding, there is no extraterritorial application of the sales tax ordinances, since the taxable event takes place entirely within the limits of the Cities. The decision of the district court is affirmed. Costs on appeal are awarded to the prevailing parties, City of Sun Valley and City of Ketchum.

JOHNSON, TROUT and SCHROEDER, JJ., and TRANSTRUM, J. Pro Tem., concur.