17 P.3d 292

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lon Eugene MONTGOMERY, Defendant–Appellant.**

No. 24670.

Supreme Court of Idaho, Boise, September 2000 Term.

Jan. 4, 2001.

**349**

Roark Law Firm, Hailey; Hampton & Elliott, Boise, for appellant. R. Keith Roark argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Alison A. Stieglitz argued.

KIDWELL, Justice.

Lon Eugene Montgomery appeals from an entry of a conditional plea and judgment for racketeering in violation of Idaho Code § 18–7803. Montgomery asserts the district court incorrectly found that the Idaho Securities Act does not require an intent to defraud or deceive in order to establish select securities violations codified within the Act. The order of the district court is affirmed.

## I.

## FACTS AND PROCEDURAL HISTORY

An information filed on April 22, 1997, charged Lon Eugene Montgomery with eleven counts of securities fraud, eleven counts of selling securities when not licensed, eleven counts of selling unregistered securities, one count of offering to sell securities when not licensed and one count of offering to sell unregistered securities. The information was amended on October 23, 1997, charging Montgomery with one count of racketeering predicated on twenty-one violations of I.C. § 30–1403 (unlawful offers, sales, or purchases) and twenty-three violations of I.C. § 30–1406 (selling securities when not licensed). The amended information also charged Montgomery with twenty-one viola-

tions of I.C. § 30–1416 (selling unregistered securities). Montgomery was accused of criminal activity dating from May 11, 1989, to July 1995, in the Counties of Bonner, Boundary, Kootenai, Benewah, Nez Perce, Payette and Shoshone.

Montgomery filed a motion to dismiss the information on September 24, 1997. The motion to dismiss was denied in an order dated October 21, 1997, by the district judge. The district court found that bad faith was not required for violations under the Idaho Securities Act and that the definition of "wilfullness" contained within the Idaho Criminal Code applies to the Idaho Securities Act. Additionally, the district court held that this definition, when read together with I.C. § 30–1403 (the provision within the Idaho Securities Act that addresses unlawful offers, sales, or purchases) and I.C. § 30–1443 (the penalty provision within the Idaho Securities Act), provided adequate notice to the defendant of criminal liability without ambiguity.

A jury trial commenced on October 27, 1997. During the trial proceedings, Montgomery attempted to establish that he was not acting in bad faith when the alleged crimes were committed. Specifically, Montgomery attempted to introduce evidence that he was relying on his attorney's advice when the stock sales were transacted. The district court refused to allow the introduction of the evidence based on the court's previous ruling that bad faith, or scienter, is not an element of the Idaho Securities Act.

At the conclusion of the trial, Montgomery entered into a conditional plea agreement, wherein he plead guilty to racketeering but reserved his right to appeal various issues concerning the district court's interpretation of the "wilfullness" requirement under the Idaho Securities Act. The district court approved the conditional plea on December 2, 1997. Montgomery was sentenced to not less than four, nor more than ten years of incarceration to be followed by ten years of supervised probation. Montgomery filed a timely notice of appeal.

## II.

## STANDARD OF REVIEW

■ This Court exercises free review over legal questions presented by the construction

and application of a statute. *State v. Hagerman Water Right Owners, Inc.,* 130 Idaho 727, 732, 947 P.2d 400, 405 (1997); *City of Sun Valley v. Sun Valley Co.,* 128 Idaho 219, 221, 912 P.2d 106, 108 (1996). In the case before us, we are called upon to interpret and apply the Idaho Securities Act found in I.C. §§ 30–1401 to –1458.

## III.

### ANALYSIS

According to I.C. § 30–1443, the general penalty provision of the Idaho Securities Act, one must act "wilfully" in order to be convicted of a violation of the Act. On appeal, Montgomery contends that scienter or an intent to defraud must be established before a "wilfull" violation of the Idaho Securities Act can occur. Montgomery asserts that any other interpretation of the Act would place Securities Act violations in the narrow category of crimes classified as "strict liability."

Montgomery's interpretation of the Idaho Securities Act is too narrow. An additional scienter requirement is unnecessary and unintended. An examination of the wording of the Securities Act demonstrates that many provisions of the Idaho Securities Act include wording tantamount to a scienter requirement. For those provisions that do not contain such "built-in" scienter, it is clear that the plain meaning of the words of the Securities Act indicates scienter need not be proven.

Scienter "built-in" to the Idaho Securities Act is most visible in I.C. § 30–1403, the provision that addresses fraudulent offers, sales, or purchases of securities. Before a violation of this provision occurs, one must "wilfully" "employ any device, scheme, or artifice to defraud," "wilfully" "make any untrue statement of a material fact" or "wilfully" omit such a statement, or "willfully" "engage in any act, practice or course of business which operates or would operate as a fraud or deceit." I.C. § 30–1403. By nature of the language utilized in these statutes, a defendant must act with bad intent, or scienter, before a violation occurs.

"Wilfullness" is not defined within the provisions of the Idaho Securities Act. However, the Idaho Criminal Code contains a definition of "wilfull" that is both helpful and relevant. Specifically, the criminal code provides, "The word 'wilfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate the law, or to injure another, or to acquire any advantage." I.C. § 18–101(1).

■ The procedural provisions of Idaho Code § 18–100, the criminal code, govern in criminal cases "insofar as they are justly applicable and their application does not introduce confusion or delay." I.C. § 18–100(3)(a). Since both the Idaho Securities Act and the criminal code relate to criminal prosecutions, we hold that the definition of wilfullness, as set forth in the criminal code, is applicable.

The district court in this case concluded:

Further, it is the opinion of this Court that the criminal provisions of the Securities Act, and the general criminal code of Idaho are in pari material [sic]. In Idaho, statutes which deal with the same subject matter and attempt to protect similar interests are in pari material, and should be construed together. *Volk v. Baldazo,* 103 Idaho 570, 574, 651 P.2d 11, 15 (1982). Since both the criminal provisions of the Securities Act and Idaho's criminal code attempt to define criminal conduct, and have the common goal of deterring crime and protecting the public, this Court believes the criminal code's definitional provisions are applicable to the Securities Act.

The district court was correct in finding that the definition of "wilfullness" as set forth in I.C. § 18–101 applies to criminal violations of the Idaho Securities Act. As defined in the criminal code, "wilfullness" does not require scienter, bad faith or evil intent.

At oral argument, counsel for Montgomery redirected his argument to support the scienter requirement, focusing on the allegations stemming from I.C. § 30–1406 (which makes it unlawful for securities salespeople not to be registered) and I.C. § 30–1416 (which addresses selling unregistered securities).

Counsel argued that Montgomery relied in good faith on the incorrect advice of his attorney and, consequently, he should not be held accountable for the alleged violations of these provisions.

Montgomery's argument is not in accord with prevailing legal authority. State courts from other jurisdictions have uniformly held that scienter is not required in order to establish violations of securities registration requirements. *See People v. Morrow*, 682 P.2d 1201, 1204 (Colo.Ct.App.1983); *State v. Goetz*, 312 N.W.2d 1, 12–13 (N.D.1981); *State v. Kreminski*, 178 Conn. 145, 422 A.2d 294, 296–97 (1979); *State v. Hodge*, 204 Kan. 98, 460 P.2d 596, 604 (1969).

Additionally, federal courts have provided similar interpretations of Section 5 of the Federal Securities Act of 1933, the section that addresses federal registration requirements, codified in 15 U.S.C. § 77e(a), (c).[1] *See Securities and Exchange Commission v. Universal Major Indus. Corp.*, 546 F.2d 1044, 1047 (2d Cir.1976) *cert. denied*, 434 U.S. 834, 98 S.Ct. 120, 54 L.Ed.2d 95 (1977)(noting, "[I]n SEC proceedings seeking equitable relief, a cause of action may be predicated upon negligence alone, and scienter is not required."); *see Securities and Exchange Commission v. Parkersburg Wireless Ltd. Liab. Co.*, 991 F.Supp. 6, 9 (D.D.C.1997)(observing that the issue of whether the defendant was an unwitting participant in the scheme was of no importance because scienter was not a requirement under Section 5); *see Securities and Exchange Commission v. Softpoint, Inc.*, 958 F.Supp. 846, 859 (S.D.N.Y.1997)(clarifying that scienter is not an element in a Section 5 violation).

 While decisions from other state and federal courts are not binding on this Court, we join the majority of courts that have found scienter is not required for violations of the securities registration and licensing requirements. In regards to the case at issue, these strict liability provisions can be found in I.C. §§ 30–1406, –1416.

 Montgomery argues that good faith reliance on legal counsel is a defense to criminal violations under the Idaho Securities Act. First off, we note that Montgomery has failed to provide this Court with a fully developed argument or adequate authority to support this conclusion. This Court "will not address issues on appeal which are completely without support, argument, or authority." *City of Sun Valley*, 128 Idaho at 223, 912 P.2d at 110 (1996). However, even if this issue was properly before the Court, reliance on counsel would only be a potential defense for those crimes that are not classified as "strict liability." Because Montgomery's racketeering charge was predicated on twenty-three counts of violating I.C. § 30–1406, a strict liability provision, good faith reliance on legal counsel is not a defense to violations of the Idaho Securities Act.

Finally, Montgomery argues that the district court incorrectly relied on this Court's holding in *State of Idaho v. Shama Resources*, 127 Idaho 267, 899 P.2d 977 (1995), in reaching its decision that scienter is not required under the Idaho Securities Act. In *Shama*, a civil case, this Court ultimately determined that scienter is not a required element to establish fraud under I.C. § 30–1403(2)–(3) of the Idaho Securities Act. Montgomery is correct in his assertion that *Shama's* application of the Idaho Securities Act in a civil context can be distinguished from the case at hand. However, an examination of the district court's opinion reveals that it did not rely on *Shama*, but rather reached its determination in an approach not unlike the analysis found in this opinion. We affirm the district court's determination that scienter need not be proven to establish a violation of the Idaho Securities Act, but note that the analysis set forth in *Shama* was intended for cases dealing with violations of the Act in the civil arena, and thus differs from the criminal case before us.

---

1. Aside from the fact that the federal law requires interstate transportation or communication or the mail in connection with the sale or offer of sale, the federal provisions regarding the sale of unregistered securities are similar to the Idaho Code provisions. *See Securities and Exchange Commission v. Cavanagh*, 1 F.Supp.2d 337, 361 (S.D.N.Y.1998)(noting elements needed to establish a prima facie case for a Section 5 violation).

Montgomery's racketeering charge was predicated on twenty-one counts of violating I.C. § 30–1403, the provision addressing unlawful offers, sales or purchases. During argument, counsel for Montgomery acknowledged that I.C. § 30–1403 does not require a specific showing of scienter. As emphasized by the state, Montgomery's acknowledgment that scienter is not required for a violation of I.C. § 30–1403, coupled with the discussion herein and the fact that Montgomery's racketeering charge was predicated on twenty-one counts of violating this provision, lead us to the conclusion that further examination of the Idaho Securities Act is not necessary for the resolution of this matter.

## IV.

### CONCLUSION

The definition of "wilfullness" found in the Idaho Criminal Code applies to criminal prosecutions under the Idaho Securities Act. As defined within the Criminal Code, "wilfullness" does not require an additional finding of scienter or evil intent. The district court correctly determined that scienter is not an element under the Idaho Securities Act for violations charged in this case that do not have a scienter requirement defined within the Securities Act and consequently, the district court's decision is affirmed.

Chief Justice TROUT, Justices SCHROEDER, and WALTERS concur.

Justice SILAK sat for oral argument but did not participate in the final decision.

