# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket 41645

STATE OF IDAHO,

  Plaintiff-Respondent,

v.

GARY L. SCHALL,

  Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Boise, August 2014 Term

2014 Opinion No. 115

Filed: October 29, 2014

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Hon. Stephen Dunn, District Judge.

The decision of the district court is affirmed.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant. Shawn F. Wilkerson argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Daphne J. Huang argued.

_____

J. JONES, Justice

Gary Schall was arrested for driving under the influence of alcohol. Schall had two prior convictions for driving under the influence within the previous ten years, one of which stemmed from a 2004 arrest in Wyoming. As a result of his prior convictions, the State enhanced his DUI charge to a felony pursuant to Idaho Code section 18-8005(6). At Schall's preliminary hearing, the magistrate found that there was probable cause to bind the case over to district court. Schall filed a motion to dismiss in the district court, arguing that the State had the burden at the preliminary hearing to provide probable cause to believe his Wyoming DUI conviction was for a "substantially conforming foreign criminal violation," that the State failed to meet that burden, and that the Wyoming conviction was not in fact a substantially conforming violation. The district court denied Schall's motion, finding that the State met its burden at the preliminary hearing and that the Wyoming statute substantially conformed to Idaho's DUI statute. Schall appealed the district court's denial of his motion to dismiss and the Court of Appeals reversed.

1

The State then petitioned this Court for review, which we granted.

# I.
## FACTUAL AND PROCEDURAL HISTORY

On August 8, 2011, Gary Schall was arrested for driving under the influence in violation of Idaho Code section 18-8004(1)(a). The State's complaint included an enhancement which elevated the charge from a misdemeanor to a felony under Idaho Code section 18-8005(6). That provision states that a person who is guilty of violating Idaho Code section 18-8004(1) and "who previously has been found guilty of . . . two (2) or more violations of [I.C. § 18-8004(1)(a), (b), or (c)] or any substantially conforming foreign criminal violation, or any combination thereof, within ten (10) years . . . shall be guilty of a felony." I.C. § 18-8005(6). At the time of his arrest, Schall had two prior DUI convictions within the last ten years: a November 2004 conviction in Idaho and a September 2004 conviction in Wyoming.

The State offered self-authenticating, certified records of Schall's two prior DUI convictions at the preliminary hearing, with no objection from Schall. At the close of the preliminary hearing, Schall moved to dismiss, arguing that the State did not provide probable cause to believe he committed the felony offense because there was inadequate reason to believe the Wyoming statute under which he received his DUI conviction substantially conformed to Idaho's DUI statute. Schall argued that it was the State's burden at the preliminary hearing to place the Wyoming statute into evidence and demonstrate that the statute substantially conformed to Idaho's. The magistrate disagreed, holding that once records of conviction were admitted, "it becomes the burden of the defendant to show that the statute is non-complying and that . . . should be done at the district court level." Ultimately, the magistrate bound the case over to district court, finding that the State made a *prima facie* case.

In the district court, Schall filed a motion to dismiss, making the same argument he did below—that the State failed to show probable cause because it did not demonstrate that the Wyoming statute substantially conformed to the Idaho statute. In the alternative, Schall argued that the Wyoming statute did not substantially conform to the Idaho statute. The district court denied Schall's motion to dismiss. It found that the State was not required to show probable cause at the preliminary hearing that the Wyoming DUI statute substantially conformed to Idaho's. It also found, however, that the Wyoming statute does in fact substantially conform to Idaho's. Thereafter, Schall entered a conditional guilty plea to felony DUI, reserving the right to

2

appeal "the decision on defendant's motion to dismiss/challenge bind over." The district court imposed a unified sentence of five years, with two years fixed, but suspended the sentence and placed Schall on probation. Schall timely appealed.

The Court of Appeals reversed the district court and remanded for further proceedings. It held that the State had the burden at the preliminary hearing to provide probable cause to believe that the Wyoming DUI statute substantially conformed to Idaho's statute and that the State failed to carry that burden. This Court granted the State's petition for review. The only issue on appeal is whether the district court erred in denying Schall's motion to dismiss because the State failed to show probable cause that Wyoming's DUI statute substantially conforms to Idaho's DUI statute.

## II.
## ANALYSIS

### A. Standard of review.

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007). A magistrate's decision that probable cause exists "should be overturned only on a clear showing that the committing magistrate abused his discretion." *State v. O'Mealey*, 95 Idaho 202, 204, 506 P.2d 99, 101 (1973). In reviewing a discretionary decision on appeal, "this Court must consider whether the district court (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004). In general, "[t]he denial of a motion to dismiss following a preliminary hearing will not be disturbed on appeal if, under any reasonable view of the evidence including permissible inferences, it appears likely that an offense occurred and that the accused committed it." *State v. Holcomb*, 128 Idaho 296, 299, 912 P.2d 664, 667 (Ct. App. 1995).

### B. The district court did not err in denying Schall's motion to dismiss.

When charged with a felony, a defendant is entitled to a preliminary hearing before a magistrate. I.C.R. 5.1(a). "The function of a preliminary hearing in Idaho is to determine if an offense has been committed, and further if there is probable cause to believe that the crime was committed by the accused." *State v. Elisondo*, 114 Idaho 412, 414, 757 P.2d 675, 677 (1988). If

3

the magistrate finds that an offense occurred and there is probable cause to believe the defendant committed it, the magistrate must bind the defendant over to the district court. I.C. § 19-815. Otherwise, the magistrate must dismiss the complaint and order the defendant released. I.C. § 19-814. A defendant who has been bound over to the district court may still challenge the finding of probable cause by filing a motion to dismiss. I.C. § 19-815A. If the district court disagrees with the magistrate regarding the existence of probable cause, the district court must dismiss the complaint and order the defendant released. *Id.* A finding of probable cause must "be based upon substantial evidence upon every material element of the offense charge." I.C.R. 5.1(b). As a result, the adequacy of a showing at the preliminary hearing stage may depend upon whether a particular factual allegation is an element of the offense charged.

Schall claims that the district court erred in denying his motion to dismiss because the State failed to provide probable cause with respect to one element of the offense of which he was charged. In particular, Schall claims that the State did not provide probable cause to believe he was previously convicted at least twice under Idaho's DUI statute or a substantially conforming foreign statute. Idaho Code section 18-8004 prohibits driving under the influence of alcohol, drugs, or any other intoxicating substances. Idaho Code section 18-8005(6) provides:

> Except as provided in section 18-8004C, Idaho Code, any person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, who previously has been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, or any substantially conforming foreign criminal violation, or any combination thereof, within ten (10) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony . . . .

Schall claims that Idaho Code section 18-8005(6) creates a separate offense—distinct from the offense defined by Idaho Code section 18-8004—with prior convictions of the relevant sort as elements of that offense. If that view were correct, then the State would have been required to present evidence at the preliminary hearing that Schall's prior Wyoming conviction was a substantially conforming violation.

That reading of the provision is not correct, however. Idaho Code section 18-8005(6) requires that a violation of Idaho Code section 18-8004 be enhanced to a felony in certain circumstances. The existence of two or more convictions under Idaho Code section 18-8004, or some substantially similar statute, are predicates for the enhancement and not elements of a

4

separate offense. "[E]nhancements are not considered to be a new offense for which there is a separate sentence. Rather, the enhancement is an additional term and is part of a single sentence for the underlying crime." *State v. Burnight*, 132 Idaho 654, 658–59, 978 P.2d 214, 218–19 (1999). As a result, we hold that the State was not required at the preliminary hearing to provide probable cause to believe that Schall's Wyoming DUI conviction was a substantially conforming foreign criminal violation.

The question whether prior convictions discussed in Idaho Code section 18-8005(6) constitute elements of an offense or predicates for an enhancement is an issue of statutory interpretation. "This Court exercises free review over legal questions presented by the construction and application of a statute." *State v. Montgomery*, 135 Idaho 348, 349–50, 17 P.3d 292, 293–94 (2001). "Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction." *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). "When the Court must engage in statutory construction, it has the duty to ascertain the legislative intent, and give effect to that intent." *Id.* "Where ambiguity exists as to the elements or potential sanctions of a crime, this Court will strictly construe the criminal statute in favor of the defendant." *Id.*

There are a number of reasons to think that Idaho Code section 18-8005(6) is clearly an enhancement provision and not an attempt to create a separate offense. First, Idaho Code section 18-8005(6) is part of a section titled "Penalties." That fact suggests that the section is concerned with the penalties associated with offenses that have already been defined, not with defining new offenses. Second, the provision is addressed directly to recidivism. Recidivism is "as typical a sentencing factor as one might imagine." *Almendarez-Torres v. United States*, 523 U.S. 224, 230 (1998). The focus on recidivism suggests that the Legislature was concerned with providing increased punishment for repeat offenders, not on defining a new offense. Third, Idaho Code section 18-8005 specifically refers to Idaho Code section 18-8005(6) as an enhancement provision. Idaho Code section 18-8005(8) provides rules for determining whether two previous convictions or guilty pleas occurred within the relevant time frame to trigger the felony provisions of Idaho Code section 18-8005. According to Idaho Code section 18-8005(8), the provision is "[f]or the purpose of computation of *the enhancement period* in subsections (4), (6), and (9) of this section . . . ." (emphasis added).

Furthermore, it is not clear how to read Idaho Code section 18-8005(6) as defining a new

offense. The provision applies to a defendant who has just been convicted of, or has pled guilty to, a violation of Idaho Code section 18-8004. Such a defendant is guilty of a felony if, on at least two previous occasions within the previous ten years, he has previously been convicted of, or pled guilty to, a violation of Idaho Code section 18-8004 or a substantially conforming foreign statute. The provision is not plausibly read as making it unlawful—and a felony—to be *convicted of* a third violation of Idaho Code section 18-8004. So understood, the felony offense would not even occur until after the defendant's trial for the most recent violation of Idaho Code section 18-8004. It is unlikely that the Idaho Legislature intended to make it a crime to be convicted of another crime. On the other hand, the felony offense does not occur when the defendant drives under the influence, even if he does so having been convicted twice before under Idaho Code section 18-8004. Though a defendant will thereby have committed the offense of violating Idaho Code section 18-8004, he will not have violated the offense defined by Idaho Code section 18-8005(6) because he has not yet been convicted of the additional violation of Idaho Code section 18-8004. The clear terms of Idaho Code section 18-8005(6) state that it applies only to a defendant who has just been convicted of, or pled guilty to, a violation of Idaho Code section 18-8004.

The attempt to read an offense into Idaho Code section 18-8005(6) leaves it significantly unclear when that offense would be committed and by what conduct. Had the Legislature intended to define a new offense of the sort suggested by Schall, it could have easily done so by making it unlawful, and a felony, to drive under the influence having twice before been convicted of, or having pled guilty to, Idaho Code section 18-8004 or a substantially similar statute. The fact that it did not do so suggests that in a prosecution pursuant to Idaho Code section 18-8005(6), the offense at issue is the violation of Idaho Code section 18-8004 and that very offense may be charged either as a misdemeanor or a felony depending upon the defendant's prior criminal history.

Finally, reading Idaho Code section 18-8005(6) as providing an enhancement for certain violations of Idaho Code section 18-8004—and not as defining a new offense—is consistent with this Court's understanding of similar language in other Idaho statutes. For instance, Idaho's prohibition statute provided that "[a] person having once been convicted of a violation of any of the provisions of this article . . . who thereafter violates the provisions hereof, shall be deemed guilty of a felony . . . ." *State v. Holder*, 49 Idaho 514, 517, 290 P. 387, 388 (1930). This Court

rejected an argument that the statute "states a different offense from that of possession of intoxicating liquor, which is declared a misdemeanor; that it purports to state a felony, one of the elements of which is a prior conviction . . . ." *Id.* Instead, the Court held that:

> The statute purports to punish the second offense as a felony. When the evidence shows a present violation, say for unlawful possession of intoxicating liquor, and also a previous conviction for a violation of the prohibitory law, the penalty is increased as for a felony to imprisonment in the state penitentiary; that is, the penalty for possession is assessed as for a felony.

*Id.* at 517−18, 290 P. at 389. The Court endorsed the view that the statute functioned as an enhancement—increasing the punishment of the underlying offense—without defining a new offense.

Similarly, like Idaho Code section 18-8005(6), Idaho's persistent violator statute applies to a defendant who has recently been convicted of an offense, having been convicted twice before. The statute provides that:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

I.C. § 19-2514. In interpreting that statute, this Court has repeatedly held that "[t]he third conviction of a person of a felony does not constitute a crime. The section merely provides for punishment, on the third conviction of the accused, in excess of that which might have been inflicted on him had he not been twice previously convicted." *In re Bates*, 63 Idaho 748, 752, 125 P.2d 1017, 1019 (1942). *See also*, *e.g.*, *Balla v. State*, 98 Idaho 344, 345, 563 P.2d 402, 403 (1977) ("[T]he provisions of I.C. § 19-2514 do not specify a new crime, but merely provide for the increased punishment of a person who has three times previously been convicted of a felony."); *State v. Salazar*, 95 Idaho 650, 651, 516 P.2d 707, 708 (1973) (holding that Idaho Code section 19-2514 does not create a separate offense, rather "it makes possible an enhancement of punishment for a particular crime when one has previously been convicted of two felonies. Thus, when a twice-convicted felon is convicted of a third felony he assumes a status which renders him susceptible to more severe punishment for the offense charged.").

"Statutes are construed under the assumption that the legislature was aware of all other statutes and legal precedence at the time the statute was passed." *Druffel v. State, Dept of Transp.*, 136 Idaho 853, 856, 41 P.3d 739, 742 (2002). Because this Court has consistently

construed statutory language like that in Idaho Code section 18-8005(6) as providing for enhancements and not as creating separate offenses, the Legislature presumably intended that Idaho Code section 18-8005(6) would be similarly construed.

Schall makes a number of arguments to support the contrary view—that Idaho Code section 18-8005(6) defines a separate offense. First, Schall cites *State v. Moore*, 148 Idaho 887, 231 P.3d 532 (Ct. App. 2010), for the proposition that where a statute provides that certain factors elevate a misdemeanor to a felony, those factors constitute elements of a separate offense. *Moore* does not say as much, however. *Moore* concerned the admissibility of evidence at trial to support an enhancement of the defendant's misdemeanor DUI conviction to a felony. *Id.* at 890–91, 231 P.3d at 535–36. In a footnote, the court distinguishes between a "charging enhancement," in which "an element . . . elevates a charge from a misdemeanor offense to a felony offense" and a "sentencing enhancement," which "authorizes or requires increased penalties for a misdemeanor or a felony in certain circumstance but does not, in the case of a misdemeanor, elevate the crime to a felony." *Id.* at 890 n.2, 231 P.3d at 535 n.2. Though the Court of Appeal notes this distinction, it does not go on to hold that charging enhancements always create separate offenses. *Moore* does not support such a rule and it would be contrary to our precedent. *See Holder*, 49 Idaho at 517, 290 P. at 388 (rejecting the argument that a statute which elevated an offense from a misdemeanor to a felony thereby created a separate offense).

Schall cites *U.S. v. Rodriguez-Gonzales*, 358 F.3d 1156 (9th Cir. 2004) as providing support for such a rule. In *Rodriguez-Gonzales*, the Ninth Circuit Court of Appeals considered whether a prior conviction for illegal entry must be explicitly charged in the indictment to elevate a subsequent misdemeanor conviction to a felony under 8 U.S.C. § 1325(a). *Id.* at 1160. The court emphasized the "serious ramifications for a defendant" in the distinction between a misdemeanor and a felony and held that "[b]ecause the statute changes the substantive nature of a second illegal reentry from a misdemeanor to a felony, the fact of a previous entry is more than a sentencing factor and must be charged explicitly." *Id.* The decision in *Rodriguez-Gonzales* has no application here. First, the government conceded in that case—and prior Ninth Circuit precedent established—that a previous conviction for illegal entry "is an element of the felony offense [of § 1325]." *Id.* (alteration in original) (quoting *United States v. Campos-Martinez*, 976 F.2d 589, 591 (9th Cir. 1992)). Whether prior DUI convictions are elements of an offense associated with Idaho Code section 18-8005(6) or merely predicates for an enhancement is

8

precisely the question at issue here. To the extent that the Ninth Circuit's decision in *Rodriguez-Gonzales* relied upon its previous interpretation of the statute at issue in that case—and it is not clear to what extent it did—the decision does not address the question in this case.

The question here is what the Idaho Legislature intended to accomplish in enacting Idaho Code section 18-8005(6). Though the distinction between misdemeanors and felonies entails serious ramifications for a defendant, it is not clear how that bears on the Legislature's intent. Idaho's persistent violator statute permits a life sentence for a defendant convicted of his third felony. I.C. § 19-2514. *See also State v. Miller*, 151 Idaho 828, 834, 264 P.3d 935, 941 (2011) (holding that it was not an abuse of discretion to sentence a defendant convicted of burglary and assault with intent to commit robbery to concurrent life sentences). The imposition of a life sentence is a "serious ramification." Nevertheless, the persistent violator statute "does not create a new or separate offense . . . ." *Salazar*, 95 Idaho at 651, 516 P.2d at 708. The fact that an enhancement provision has serious ramifications for a defendant tells us nothing about whether the Legislature intended to define a new offense or to enhance the penalty associated with a pre-existing offense.

Schall also cites to this Court's decision in *State v. Howard*, 150 Idaho 471, 248 P.3d 722 (2011), for the proposition that Idaho Code section 18-8005(6) creates a separate offense with prior convictions as an element. Howard was charged with a DUI felony as a result of previous convictions. *Id.* at 474, 248 P.3d at 725.[1] After erroneously excluding the State's evidence of previous DUI convictions, the district court found Howard not guilty of the felony. On appeal, the State argued that because the evidentiary ruling was erroneous and because the district court did not "resolve any factual elements of the offense in favor of Howard," the defendant could be retried for felony DUI. *Id.* at 479, 248 P.3d at 730. This Court rejected that argument and held the district court's finding that the defendant was not guilty constituted "an acquittal that triggers double jeopardy protection." *Id.* at 480, 248 P.3d at 731. In doing so, the Court mentioned that the previous DUI convictions were "necessary elements of the crime," *id.* at 479, 248 P.3d at 730, and held that the district court dismissed the case because it concluded the State had failed to prove those elements. *Id.* at 480, 248 P.3d at 731. However, Schall fails to note that the Court

---

[1] Howard was charged in 2008 with a felony pursuant to Idaho Code section 18-8005(5). *Howard*, 150 Idaho at 474 n.1, 248 P.3d at 725 n.1. That provision was renumbered in 2009 and is now Idaho Code section 18-8005(6), the provision at issue in this case. *Id.*

also mentioned that "the district court must have considered whether the State proved the elements of the *enhancement*." *Id.* at 479, 248 P.3d at 730 (emphasis added). This characterization is the more correct. Once a defendant is bound over, the State is obligated to prove the elements of the enhancement. *Howard* provides no showing what must occur at the preliminary hearing stage and is of no support for Schall's position.

A preliminary hearing is intended "to determine whether or not a public offense has been committed and whether or not there is probable or sufficient cause to believe that the defendant committed *such public offense*." I.C. § 19-804 (emphasis added). Idaho law does not require that the State make an affirmative showing at the preliminary hearing that predicates for an enhancement are satisfied. Because prior convictions are predicates for an enhancement under Idaho Code section 18-8005(6), the State did not bear the burden at the preliminary hearing to show that Schall's Wyoming DUI conviction is a substantially conforming conviction. The district court did not err in denying Schall's motion to dismiss on the grounds that the State failed to make such a showing.

Though the State is not required to provide probable cause at the preliminary hearing to believe that the predicates for an enhancement are satisfied in order to bind the defendant over to the district court, the State nevertheless bears burdens with respect to those predicates. Most importantly, the State bears the burden at trial to prove beyond a reasonable doubt that the predicates for the enhancement are satisfied. *See Salazar*, 95 Idaho at 307, 507 P.2d at 1139 (holding that the State has the burden of proving prior convictions beyond a reasonable doubt for purposes of persistent violator enhancement). In addition, "[i]n all cases wherein an extended term of imprisonment is sought as the result of a prior conviction or convictions, the indictment or information shall set forth the facts on which the extended term of imprisonment is sought." I.C.R. 7(c). *See also In re Bates*, 63 Idaho 748, 752−53, 125 P.2d 1017, 1019 (1942) (holding that, though Idaho's persistent violator statute does not create a separate crime, "[i]t was necessary . . . for the information to charge that defendant was a persistent violator of law, in order to authorize the judge to impose sentence provided for a persistent violator"). Further, though not a requirement, the best practice is for the State to make an affirmative showing with respect to the predicates for an enhancement at the preliminary hearing by properly introducing the statutes and convictions from foreign jurisdictions. *Cf. State v. Miller*, 151 Idaho 828, 833, 264 P.3d 935, 940 (2011) (stating that while an indictment or information need not do so to

10

provide adequate notice that the State is seeking an enhancement, "[t]he better and more dependable practice is a clear statement of what felonies are being relied upon for the enhancement, along with: the title of the offenses; the dates of conviction; and the state where the felonies occurred").

Finally, this result does not leave a defendant without recourse to challenge the felony enhancement once in district court. A defendant can do so in either of two ways. First, a defendant can move *in limine* to strike the felony enhancement. *See*, *e.g.*, *State v. Schmoll*, 144 Idaho 800, 801, 172 P.3d 555, 556 (Ct. App. 2007) (defendant moved *in limine* to strike a felony enhancement because the foreign DUI statute allegedly failed to conform to Idaho's DUI statute). Second, the defendant may object to the admissibility of evidence purporting to establish that a foreign conviction is substantially conforming. *See*, *e.g.*, *State v. Moore*, 148 Idaho 887, 892, 231 P.3d 532, 537 (Ct. App. 2010) (considering defendant's argument that the district court improperly admitted evidence, over the defendant's objection, concerning foreign convictions). Both alternatives were available to Schall.

## III.
## CONCLUSION

The district court correctly denied Schall's motion to dismiss and we therefore affirm.

Chief Justice BURDICK, and Justices EISMANN and HORTON and Justice Pro Tem KIDWELL CONCUR.

11