# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46916

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, December 2020 Term |
| | ) | |
| v. | ) | Opinion Filed: June 30, 2021 |
| | ) | |
| KEVIN JONATHAN COX, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County, Deborah A. Bail, District Judge.

The judgment of conviction is vacated and the case is remanded.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Sally J. Cooley argued.

Lawrence G. Wasden Idaho Attorney General, Boise, for respondent. Justin R. Porter argued.

_____

BRODY, Justice.

In this case, we address the effect of Idaho's persistent violator sentencing enhancement on the number of peremptory challenges available to a defendant at trial. For the reasons below, we hold that the number of peremptory challenges available to both sides is determined by reference to the enhanced sentence a defendant could receive, not by the sentence prescribed for the underlying offense.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Kevin Cox was charged by information with attempted strangulation and intentional destruction of a telecommunication instrument stemming from the domestic abuse of his wife. The crime of attempted strangulation is a felony punishable by up to fifteen years imprisonment. I.C. § 18-923. Intentional destruction of a telecommunication instrument is a misdemeanor punishable by up to one year imprisonment. I.C. § 18-6810. Cox pleaded not guilty to both

1

charges. The State then filed an Information Part II alleging that Cox was a persistent violator under Idaho Code section 19-2514 because he had been convicted of three prior felonies. Section 19-2514 provides that upon conviction for a third or subsequent felony, a person is subject to a sentence of not less than five years and up to life imprisonment, irrespective of the penalty prescribed for the underlying offense.

The district court held a jury trial in December 2018. Before voir dire, Cox's counsel opposed the district court's intention to allow only six peremptory challenges per side, plus one for the alternate juror. Cox's counsel argued that because Cox could be sentenced to life imprisonment if he were determined to be a persistent violator, Cox was entitled to ten peremptory challenges, plus one, under Idaho Criminal Rule 24(d) ("Rule 24"). Rule 24 provides that "[i]f the offense charged is punishable by death, or life imprisonment, each party . . . is entitled to 10 peremptory challenges. In all other felony cases each party. . . is entitled to six peremptory challenges." I.C.R. 24(d). However, the district court ruled that Cox was entitled to only six peremptory challenges, reasoning that despite the sentencing enhancement the substantive charges against Cox did not carry a possible life sentence.

The jury was empaneled, with each side exhausting its peremptory challenges. Cox made no objection to the composition of the jury after it was selected. However, he was never asked if he passed the jury for cause, apparently due to an oversight by the district court after an interruption during voir dire. As a result, Cox never passed the panel for cause.

The jury found Cox guilty on both charges and Cox admitted to being a persistent violator. The district court imposed a ten-year sentence with three years fixed for the attempted strangulation conviction, a concurrent sixty-day sentence for the destruction of a telecommunication instrument conviction, and retained jurisdiction. After a rider review hearing, the district court suspended Cox's sentence and placed Cox on probation for ten years. Cox timely appealed.

## II.    STANDARD OF REVIEW

"[T]he interpretation of a court rule must always begin with the plain, ordinary meaning of the rule's language . . . ." *State v. Montgomery*, 163 Idaho 40, 44, 408 P.3d 38, 42 (2017). However, in light of the Court's role as the author of court rules, the plain language of a rule "may be tempered by the rule's purpose." *Id.* Further, "in keeping with the Idaho Criminal Rules' aim of 'provid[ing] for the just determination of every criminal proceeding[,]' [the Court]

construe[s] the rules 'to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay.' " *Id.* (quoting I.C.R. 2(a)) (internal citations omitted).

## III.   ANALYSIS

### A.  The district court erred in denying Cox ten peremptory challenges.

Idaho Criminal Rule 24 provides: "If the offense charged is punishable by death, or life imprisonment, each party . . .  is entitled to 10 peremptory challenges. In all other felony cases each party. . . is entitled to six peremptory challenges." I.C.R. 24(d). Cox maintains he was entitled to ten peremptory challenges because this provision focuses on the maximum possible punishment that a defendant may face if convicted, while the State maintains that the legislatively prescribed penalty for the underlying offense controls, without regard to any potential enhancement.

Our task in this case is straightforward. We only resort to rules of interpretation where the language at issue is ambiguous and we find no ambiguity here. Rule 24 focuses on the potential punishment the accused may face if convicted. Here, the State alleged both that Cox had committed a felony and that he was a persistent violator under Idaho Code section 19-2514. Because a persistent violator may be sentenced to life imprisonment upon conviction of an additional felony, Cox was entitled to ten peremptory challenges.

The crux of the State's argument is that the persistent violator enhancement is not really an offense at all. Therefore, the State maintains, only the sentence prescribed for the underlying offense is relevant for purposes of determining the number of peremptory challenges:

> [T]he persistent violator enhancement alleged in the information part II was not an "offense charged." Rather, it is merely an allegation that Cox is "a persistent violator of the law," and thus he "should be sentenced pursuant to Idaho Code § 19-2514, upon conviction of the charge(s) contained in PART I of the Information."

(capitalization in original).

We disagree with the State's contention. Certainly, the State is correct insofar as it asserts that a sentencing enhancement is not a separate offense. *See  State v. Schall*, 157 Idaho 488, 492–94 337 P.3d 647, 651–53 (2014). However, the State's narrow focus on the words "offense charged" ignores the full phrase employed by the rule—i.e., "[i]f the offense charged *is punishable* by death, or life imprisonment." (emphasis added). In this context, it is plain that the maximum sentence actually faced by a defendant is decisive. To arrive at the State's suggested

3

meaning would, in effect, require us to insert the words "without regard to any applicable sentencing enhancement" after the words "is punishable by death, or life imprisonment."

Moreover, the State's suggestion that we only focus on Part I of the information (alleging Cox committed the underlying offenses) and ignore Part II (alleging he is a persistent violator) is inconsistent with the Idaho Criminal Rules. Idaho Criminal Rule 7 requires that charging documents set forth the basis for both the principal charge *and* any enhancement sought by the prosecution. I.C.R. 7(c). Further, because the enhancement is included within the charging documents, Idaho Criminal Rule 10 requires that a defendant be arraigned on both the underlying charge and the enhancement. *See* I.C.R. 10(a), (c). These requirements reflect that an allegation of being a persistent violator, though not a stand-alone offense, is a grave matter triggering basic due process requirements. *See State v. Miller*, 151 Idaho 828, 833, 264 P.3d 935, 940 (2011) (finding that due process requirements must be met before adjudication as a persistent violator, even though a court's failure to comply with I.C.R. 7(c) did not deprive the court of jurisdiction to sentence a defendant under the enhancement). Likewise, we hold that the possibility of a life sentence under the persistent violator enhancement, though not otherwise a permissible punishment for the underlying offense, triggers the entitlement to ten peremptory challenges under Rule 24. Accordingly, the district court erred in limiting Cox to six rather than ten peremptory challenges.

### B. Cox is entitled to a new trial because we adopt a new standard for demonstrating error from the denial of a peremptory challenge.

The State argues that even if the district court erred by denying Cox's request for ten peremptory challenges, any error was harmless. The State cites *Nightengale v. Timmel*, 151 Idaho 347, 354, 256 P.3d 755, 762 (2011), and contends that to establish prejudicial error Cox needed to demonstrate that a biased juror was empaneled as a result of the district court's limitation of his available challenges. The State has correctly articulated the standard set forth in *Nightengale*. Today, however, we adopt a new standard for establishing reversible error from the denial of a peremptory challenge.

The *Nightengale* standard requires a defendant to do on appeal what he was not required to do at trial—prove a juror is biased. In other words, the standard requires proof that a person sat on the jury who should have been excluded *for cause* in order to establish an impairment of the right to exclude jurors *without cause*. The practical effect of this incongruous standard is that

4

the peremptory challenges provided by our rule evaporate with errors at trial. Because our standard is inconsistent with our rule, we must reconsider our standard.

Moreover, our precedents reveal no compelling reason to cling to the *Nightengale* standard. For many decades following statehood, this Court regarded the denial of a peremptory challenge to be reversible error without any showing a biased juror was empaneled. *See, e.g.*, *State v. Dickens*, 68 Idaho 173, 191 P.2d 364 (1948) (quoting *People v. Weil*, 40 Cal. 268 (1870) ("It plainly appears, that the practical result of [the trial court's error] was to contract the number of peremptory challenges to which he was entitled, and that such an error may have been seriously prejudicial to defendant."); *Burke v. McDonald*, 2 Idaho 1023, 29 P. 98, 100 (1892) ("If the plaintiff is compelled to use a peremptory challenge" in order to correct a trial court error in denying a challenge for cause, "then it works an injury to the party for which a new trial should be granted."). However, our jurisprudence took a sharp turn in *State v. Wozniak*, 94 Idaho 312, 486 P.2d 1025 (1971), wherein we first applied the standard we reject today. Notably, we adopted that new standard without explaining our reasoning, citing to authority, or even acknowledging our break with earlier law. *See id.* at 319, 486 P.2d at 1032.

Since we decided *Wozniak*, we have offered little additional justification for the *Nightengale* standard. In *State v. Ramos*, 119 Idaho 568, 808 P.2d 1313 (1991), over a dissent by Justice Bistline, we made express *Wozniak*'s implied overruling of earlier precedent. But in so doing, we affirmed *Wozniak* because it stated the more recent rule, not the better-reasoned one. *Id.* at 569–70, 808 P.2d at 1314–15. Indeed, in place of substantive analysis, we merely cited to *Ross v. Oklahoma*, 487 U.S. 81 (1988), introduced by a "*cf.*" signal. (The abbreviation "*cf.*" stands for the Latin "confer/conferatur" both of which mean "compare.") However, as Justice Bistline argued in his dissent, the significance of *Ross* is that the existence and scope of a peremptory challenge right is a matter of state law. *Ramos*, 119 Idaho at 574, 808 P.2d at 1319; *see also Ross*, 487 U.S. at 89 ("[I]t is for the State to determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise. As such, the 'right' to peremptory challenges is 'denied or impaired' only if the defendant does not receive that which state law provides.") (citations omitted). Thus, *Ross* supports the authority of this Court to interpret the scope of the right to peremptory challenges under Idaho law, but it offers no more support for the rule adopted by *Wozniak* than for the rule abandoned by it.

Our only significant consideration of the *Nightengale* standard was in *Nightengale* itself. There we rejected an argument to overturn *Ramos*, holding that "*Ramos* follows the general weight of authority on the issue." *Nightengale*, 151 Idaho at 354, 256 P.3d at 762. In support, we cited to *Ross*; to cases from California, Texas, Minnesota, and Tennessee; and to a section of American Jurisprudence, Second Edition. *Id.* However, on further consideration, we were mistaken.

An examination of the American Jurisprudence section cited in *Ramos* is illuminating. It provides that "no reversible error is shown unless the defendant exhausted his peremptory challenges and one or more *objectionable* jurors sat on the jury." 47 AM. JUR. 2D *Jury* § 198 (2020) (formerly located at § 205) (emphasis added). But "objectionable" is not the same as "biased." A juror may be objectionable simply because a party would have used a peremptory challenge to remove the juror if it could have done so. Consistent with this principle, the Texas and California cases cited by *Nightengale* do not speak of bias, but of "dissatisfaction with the jury as empaneled" and "objectionable veniremembers." *See People v. Hamilton*, 200 P.3d 898, 925 (2009); *Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc.*, 159 S.W.3d 87, 91 (Tex. 2005). In fact, of the six authorities we cited to support the *Nightengale* standard (including *Ross*, discussed above), only *State v. Prtine*, 784 N.W.2d 303, 311–12 (Minn. 2010) and *State v. Schmeiderer*, 319 S.W.3d 607, 632–33 (Tenn. 2010) offer any support for the *Nightengale* standard. Contrary to these cases, it appears the weight of authority supports the standard we adopt today.

Accordingly, we return to course from the detour that began with *Wozniak*. To demonstrate error from the denial of a peremptory challenge, we no longer require that a party prove a biased juror was empaneled. Rather, we hold that a party complaining of an erroneous denial of a peremptory challenge must demonstrate that it exhausted its remaining peremptory challenges and an objectionable juror was empaneled as a result. Further, guided by the authorities discussed above, we hold that the record must disclose which juror (or jurors) would have been struck but for the trial court's alleged error. Finally, to preserve such an error for appeal, a party must object to the composition of jury before it is sworn. *Cf. State v. Ish*, 166 Idaho 492, 501, 461 P.3d 774, 783 (2020).

Here, the district court erred in denying Cox ten peremptory challenges, and he exhausted the six peremptory challenges he was allowed. Though Cox has not met the requirements we

announce today to preserve the error, he did not have the benefit of this decision to guide his objection. Further, the district court's failure to ask Cox if he passed the jury for cause deprived him of a clear opportunity to object to the jury as empaneled. Therefore, in the interest of justice, remand for a new trial is appropriate.

## IV.    CONCLUSION

For the foregoing reasons, the judgment of conviction against Cox is vacated and the case is remanded for a new trial.

Chief Justice BEVAN, and Justices BURDICK, STEGNER, and MOELLER CONCUR.